### 45120. MORGAN v. WHITE.

QUILLIAN, Judge. The plaintiff brought suit on a promissory note in the Civil Court of Fulton County against William Morgan and Sara Morgan. The defendant, Sara Morgan, filed an answer to the complaint to which the plaintiff interposed a motion to strike. The trial judge sustained the motion to strike the answer and entered judgment for the plaintiff against the defendant in the amount sought. The record also reveals that the defendant's motion to amend the answer was denied on the ground that there was no answer to which an amendment could be added at the time of the motion. The defendant appeals to this court. *Held:*

1. The motion to dismiss the appeal is without merit.

2. The third enumeration of error contends that the court erred in granting plaintiff's motion to strike defendant's answer. The contention was made that the answer constituted a mere general denial which was not sufficient as against an unconditional contract in writing. *Watson v. Davis,* 97 Ga. App. 378 (5) (103 SE2d 182); *Hill v. General Rediscount Corp.,* 116 Ga. App. 459, 464 (157 SE2d 888); *Singleton v. Rary,* 116 Ga. App. 476 (3) (157 SE2d 645). However, in this decision we pretermit the question as to the effect of the Georgia Civil Practice Act on the rule enunciated in the cited cases. See *Singleton v. Rary,* 119 Ga. App. 559 (167 SE2d 740), where the law of the case had already been fixed prior to the Civil Practice Act.

The complaint alleged that "Said defendant(s) is (are) indebted to your petitioner in the sum of $379.85 being principal due on a promissory note secured by a security agreement executed between the parties dated September 12, 1968, copy of which is attached hereto, marked Exhibit A, and made a part hereof." In response to this allegation the defendant's answer under oath stated as follows: "Paragraph three is denied insofar as defendant Sara Morgan is made a party to the agreement."

It is true that under former *Code* § 81-701, the simple denial of a paragraph in which the execution of an instrument was alleged presented no distinct defense; a formal plea of non est factum was necessary. *Crockett & Co. v. Garrard & Co.,* 4 Ga. App. 360 (2) (61 SE 552); *Odell v. Wessinger,* 54 Ga. App. 838, 840 (189 SE 367). However, *Code* § 81-701 has

been repealed by the Civil Practice Act (Ga. L. 1966, p. 609, as amended). While the Federal Rules with regard to affirmative defenses, after a specific listing of enumerated defenses, provide: "and any other matter constituting an avoidance or affirmative defense," Georgia Civil Practice Act, Rule 8 (c) (*Code Ann.* § 81A-108; Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230), contains only a specific listing without such concluding catch-all phrase. Thus, as we construe the present law the denial of the execution of a contract (non est factum) is no longer a defense which must be affirmatively pleaded.

Nothing herein held is in conflict with the recent case of *Steelman v. Associates Discount Corp.*, 121 Ga. App. 649, where the decision was predicated on the following facts—that the defendant admitted signing the agreements at issue and making three payments under their terms (see *Code Ann.* § 109A-3—307 (2)), and the pleadings were not under oath as required by *Code* § 20-801. None of these factors are present in the case sub judice.

The Uniform Commercial Code provides that where the effectiveness of a signature is put in issue by a specific denial, the burden of establishing it is on the party claiming the signature. *Code Ann.* § 109A-3—307 (Ga. L. 1962, pp. 156, 256). The Federal courts have stated in construing Rule 12 which is substantially equivalent to Rule 12 of the Civil Practice Act (*Code Ann.* § 81A-112 (f), (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231)), that a motion to strike an answer is not favored. Hill, Brown Corp. v. Bosler, 14 FRD 170, 18 FR Serv 12f.26, Case 2. "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." 2A Moore's Federal Practice, § 12.21, p. 2437. Furthermore, under Rule 8 (f) (*Code Ann.* § 81A-108 (f); Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230) of the Civil Practice Act, pleadings are liberally construed in favor of the pleader. Hence, a motion to strike the answer should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense. Lehmann Trading Corp. v. J & H Stolow, Inc., 184 FSupp. 21 (3 FR Serv2d 12f.26, Case 1).

Here the thrust of the answer is such that it can be construed to deny that the defendant executed the written agreement in question. That being so, the answer would raise an issuable defense to the contract and hence the trial judge erred in sustaining the motion to strike. In view of this holding all other and further rulings were nugatory.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*

ARGUED MARCH 2, 1970—DECIDED MAY 25, 1970.

*P. Andrew Patterson,* for appellant.
*J. Norwood Jones, Lewis N. Jones,* for appellee.