45563.   WELLBAUM v. MURPHY.

JORDAN, Presiding Judge. This is an action by a landlord against a tenant at will to recover rent at the rate of $100 per month for

December 1969 and January 1970, plus a claim for attorney's fees because the tenant allegedly "has been consistently litigious . . . and has acted in bad faith."

The tenant, Wellbaum, pleaded four defenses, in substance as follows: 1. The premises became untenantable on or about December 1, 1969, resulting in a constructive eviction, by reason of the landlord's breach of a duty to provide an operative heating unit, thus relieving the tenant of his obligation to pay rent for the period. 2. The above allegations also disclose a failure of consideration. 3. A breach of contract in failing to provide an operative stove [for cooking] entitling the tenant to damages of $25 per month for the period from September 15, 1969, to December 31, 1969. 4. A waiver of notice to vacate which the tenant accepted by vacating the premises on or about January 3, 1970, thereby terminating any obligation for rent for the remainder of January.

The tenant appeals from the order of the trial judge sustaining a motion to strike these defenses, and the trial judge duly certified the order for direct appeal. *Held:*

1. Under Rules 8 (f) and 12 (f) of the Civil Practice Act as applied by this court defensive pleadings are to be liberally construed in favor of the pleader, and a motion to strike a defense should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense. See CPA, §§ 8 (f) and 12 (f); *Code Ann.* §§ 81A-108 (f), 81A-112 (f); *Morgan v. White,* 121 Ga. App. 794 (175 SE2d 878).

2. The allegations of the first defense are sufficient as a matter of law to allow evidence to support the claim of constructive eviction as a defense. This defense has received time-honored recognition in Georgia. See *Lewis & Co. v. Chisolm,* 68 Ga. 40; *Overstreet v. Rhodes,* 212 Ga. 521 (93 SE2d 715).

3. Constructive eviction is, in our opinion, merely a specialized defense in rent cases grounded on principles of general contract law respecting failure of consideration. In essence, the defensive claim of constructive eviction is a claim for relief as if there were a total failure of consideration, and we consider it ample to allow litigation of whether there was a partial failure

of consideration entitling the tenant to lesser relief than afforded by a showing of constructive eviction. All that is added by the second defense is a legal conclusion that the facts alleged in the first defense also show a failure of consideration. In this sense the second defense, as based on the same facts, is redundant, and Rule 12 (f), supra, permits the trial court, on motion or ex mero motu, to order redundant matter stricken. For this reason the trial judge was authorized, but not required, to strike the second defense and his order in this respect will not be disturbed.

4. The third defense is legally sufficient to allow proof of a claim of partial failure of consideration for reasons not covered by the first defense.

5. The fourth defense is legally sufficient to allow proof of a claim for a partial abatement of the rent allegedly due after the tenant vacated the premises, either when he left the premises or when he ceased to make any use of the premises, for reasons not covered by the first defense.

6. The case is here solely on the efficacy of the defensive pleadings in the face of the plaintiff's motion to strike and the mere pleading of Exhibit A in support of the motion, a check for $100 purportedly signed by the tenant, dated December 3 [or 13], 1969, payable to a person other than the plaintiff landlord, purportedly endorsed by the payee, but not the landlord, and bearing a bank stamp indicating it was not paid on December 26, 1969, because of insufficient funds, is insufficient in itself or when considered with the other pleadings, to support the order striking any of the defensive pleadings, and its legal effect, as explained by discovery evidence, to support a motion of the landlord for summary judgment, which the trial judge denied, is not before this court.

*Judgment affirmed in part; reversed in part. Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 11, 1970—DECIDED OCTOBER 15, 1970.

*Kenneth Levin, Richard L. Huffman,* for appellant.
*Paul A. Martin,* for appellee.