### 53128. UNIGARD INSURANCE COMPANY v. KEMP.

McMURRAY, Judge.

Plaintiff's complaint avers that plaintiff was involved in an automobile collision with an uninsured motorist, that a judgment was entered in favor of plaintiff in his suit against the uninsured, that Unigard Insurance Company was the insurer of plaintiff's automobile at the time of the accident and under the provisions of plaintiff's

policy is liable to plaintiff in the amount of his judgment against the uninsured motorist.

Defendant Unigard's answer raised three defenses. Plaintiff's motion to strike defendant's second and third defense was granted, and defendant brings this interlocutory appeal from that order. *Held:*

1. A motion to strike defendant's defenses should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense. *Morgan v. White,* 121 Ga. App. 794, 795 (2) (175 SE2d 878); *Potpourri of Merrick, Inc. v. Gay Gibson, Inc.,* 132 Ga. App. 565 (2) (208 SE2d 579).

2. Code Ann. § 56-407.1 (d) (Ga. L. 1967, pp. 463, 464) provides: "In cases where the owner or operator of any vehicle causing injury or damages be known, and either or both be named as defendants in any action for such injury or damages, a copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant. . . In the case of a known owner or operator of such vehicle, either or both of whom is named as a defendant in such action, the insurance company issuing the policy shall have the right to file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself."

Defendant's second defense avers that it had been a party to plaintiff's action against the uninsured motorist but was voluntarily dismissed after which plaintiff elected to try his case against the uninsured motorist at a time unknown to the defendant insurer. It contends it did not receive any further notification as to the case.

Under the language of Code Ann. § 56-407.1 (d), supra, above, defendant should, upon the basis of its status as alleged insurer, have been served with "all pleadings" in plaintiff's action against the uninsured motorist. Default of the known uninsured motorist will not defeat the insurer's statutory right to defend the action in its name. *Glover v. Davenport,* 133 Ga. App. 146, 147 (210 SE2d 370). Defendant's second defense is sufficient to raise several issues of fact and law relating to

an alleged insurer's statutory rights under Code Ann. § 56-407.1 (d), supra, and should not have been stricken.

3. Defendant's third defense avers that the record of plaintiff's Lumpkin County Superior Court action against the uninsured motorist shows that the jury returned a verdict against the uninsured motorist for $418; that a rule nisi issued requiring the uninsured motorist to show cause why a motion for new trial should not be granted, and the record of that action shows this rule nisi was never served on the uninsured motorist.

Collateral attacks upon judgments are governed by Code Ann. § 81A-160 (a) (Ga. L. 1966, pp. 609, 662 as amended) which provides, "A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed." See also Code § 110-709. A judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment, and the pleadings affirmatively show that no legal claim in fact existed. *Wasden v. Rusco Industries, Inc.*, 233 Ga. 439, 444 (2) (211 SE2d 733). Since it is uncertain as to whether or not evidence offered in support of defendant's third defense would satisfy the requirements of *Wasden v. Rusco,* supra, it was error to strike this defense.

4. Under Code Ann. § 81A-112 (c) (Ga. L. 1966, pp. 609, 622, as amended) dealing with motions for judgment on the pleadings, the court may allow matters outside the pleadings to be presented and considered, in which case the motion is treated as one for summary judgment under Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660, as amended). A similar treatment is given to a motion to dismiss for failure to state a claim upon which relief can be granted. Code Ann. § 81A-112 (b). Here we are dealing with a motion to strike under Code Ann. § 81A-112 (f) (Ga. L. 1966, pp. 609, 622, as amended), which contains no explicit provisions for the consideration of matters outside the pleadings such as those contained in Code Ann. § 81A-112 (b), (c). The absence of explicit provision for consideration of matters outside the pleadings in Code Ann. § 81A-112 (f) when such provisions exist in other

sections of the same Act indicate that the absence of such provisions is intentional. Therefore, upon a motion to strike under Code Ann. § 81A-112 (f), supra, the court may consider only the matters within the pleadings. We cannot assume the parties elected to hear evidence in consideration of the motion to strike certain pleadings, and we do not consider the court's findings of fact and conclusions of law.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED MARCH 9, 1977 — REHEARING DENIED MARCH 29, 1977.

*Savell, Williams, Cox & Angel, Andrew Robert Greene,* for appellant.

*Telford, Stewart & Stephens, William H. Blalock, Jr.,* for appellee.