## 54538. WEST v. GRIGGS.

BELL, Chief Judge.

Plaintiff sued defendant for breach of a written contract for the purchase of defendant's 1973 cotton crop. Defendant pleaded the following defenses: (a) Accord and satisfaction; (b) that the written contract was obtained by particular acts of fraud of the plaintiff; (c) that although defendant denied owing anything to plaintiff on the written contract, plaintiff's damages in any event were limited to a specified amount per pound of cotton grown on defendant's farm; (d) that the written contract was a "mere memorandum of understanding" between the parties wherein plaintiff agreed that cotton grown by this defendant would be applied toward the satisfaction of a contract plaintiff had with a third party. Defendant also counterclaimed for malicious abuse of process. The gist of the counterclaim was that plaintiff had instituted a prior suit on the same written contract but had dismissed it and had done so in order to deny defendant vital discovery. Thereafter, on motion of plaintiff, the court struck the defense of fraud; the limitation of damages defense; the allegation that the written contract was merely a memorandum of understanding; and the counterclaim. Defendant then, pursuant to the court's order, recast his

answer. Plaintiff moved for summary judgment. In support of the motion plaintiff averred in his affidavit that the parties executed the written contract attached to the complaint and that none of its provisions were thereafter altered. Defendant in an opposing affidavit averred that subsequent to his execution of the written contract and prior to any performance, he and plaintiff entered into a new oral contract with materially different terms which was to operate as a substitution for the written contract; and that defendant performed under the terms of the oral contract only. The trial court granted the motion of plaintiff and defendant appeals. *Held:*

1. The defendant enumerates as error the striking of the defenses raised in his answer and his counterclaim. A motion to strike defenses should not be granted unless it appears beyond doubt that plaintiff would be successful despite any state of facts which could be proved in support of the defense. *Unigard Ins. Co. v. Kemp,* 141 Ga. App. 698 (234 SE2d 539). Applying that standard to the case, the trial court erred in striking the defense of fraud and the limitation of the amount of damages for we cannot say on this record that plaintiff would prevail despite any facts which could be proved in support of these defenses. As to the claimed defense that the alleged written contract was only a memorandum of understanding, we are not shown by anything in defendant's brief as to how this is a defense and we will not hold it was error to strike it. The counterclaim was properly stricken as under the alleged facts no abuse of process could be shown. All plaintiff did was apparently voluntarily dismiss a prior suit on the same subject matter which he had a right to do. CPA § 41 (a) (Code Ann. § 81A-141 (a)). As this prior dismissal was authorized and regular on its face, any claimed motive ulterior or otherwise for dismissing the earlier suit would be immaterial. *Green v. Mercury Mills,* 136 Ga. App. 504 (221 SE2d 646).

2. The grant of summary judgment cannot be affirmed in view of our above holding that it was error to strike the defense of fraud and the defense raised on the issue of damages. But even if the judgment striking these defenses was correct, there remain material issues of fact as to whether the parties entered into a subsequent oral

contract which operated to discharge the first one under a theory of novation or accord and satisfaction.

*Judgment reversed. Smith and Shulman, JJ., concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED NOVEMBER 18, 1977 — REHEARING DENIED DECEMBER 7, 1977 — 

Roberts, Roberts & Rainwater, Guy Velpoe Roberts, Jr., David N. Rainwater, for appellant.

O'Neal, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown, for appellee.