Decided June 11, 1981.

*Joseph N. Anderson,* for appellant.
*Thomas E. Greer,* for appellee.

### 61492. NEWBERN et al. v. CHAPMAN FUNERAL CHAPEL, INC.

Sognier, Judge.

Chapman Funeral Chapel filed a verified petition seeking recovery of $15,084 from Lonnie G. Newbern and Myrtle Mary Babbitt for the burial of her three sons, her infant grandson and granddaughter who were killed in an automobile accident. Lonnie is Myrtle's husband and stepfather to her children. Newbern and Babbitt timely filed a handwritten, informal answer signed by both. This answer denied the accuracy of the itemized contract, alleged that blanks in the contract were improperly filled in with an amount not agreed upon, and alleged that Newbern signed the contract in a representative capacity only. A trial by jury was requested.

Chapman filed an affidavit stating that Newbern had authority to sign for Babbitt, that there was no issue of fact and, therefore, appellee was entitled to judgment. One day prior to the summary judgment hearing an attorney for Newbern and Babbitt amended their earlier answer and pleaded lack of consideration. On the day of the hearing appellants filed a verification of their earlier answer. Appellants filed affidavits in opposition to Chapman's motion for summary judgment the day before the hearing. Newbern stated that he had signed a blank contract that was later filled in by Chapman, and that he advised Chapman he was signing in a representative capacity only and not as an individual. Babbitt's affidavit stated that Newbern did not have authority to sign for all burial expenses, but only for her son, Roger Babbitt; that the paper (contract) was blank when signed by Newbern; and that it had been filled in later in an unauthorized fashion.

At the summary judgment hearing, the trial court struck appellants' answer and granted summary judgment for appellee.

The handwritten answer originally filed by appellants was signed by both and constituted a sufficient answer under our notice pleading statutes. *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561 (239 SE2d 217) (1977). Amendments may be filed at any time before entry of a pre-trial order without permission of the court.

Code Ann. § 81A-115 (a); *Knickerbocker Tax Systems v. Texaco,* 130 Ga. App. 383 (203 SE2d 290) (1973).

The petition as amended and verified by amendment, together with appellants' affidavits, raised issues of fact concerning the agreement. First, Newbern's statement in opposition to Chapman's affidavit states that the contract had been blank when signed and had later been filled in with unauthorized amounts. This alone was held to create a jury question in *First American Bank v. Bishop,* 239 Ga. 809 (239 SE2d 19) (1977). Second, Newbern denied that his signature was in any capacity other than as a representative of his wife. Finally, the affidavit in opposition to summary judgment by Babbitt contests the authority of Newbern to commit her to the entire indebtedness. These and other facts in issue are questions for the jury.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 11, 1981.

*Edward E. Boshears,* for appellants.
*Neal G. Gale,* for appellee.