65742. CAREY v. GLEN RESTAURANTS, INC. et al.

SHULMAN, Chief Judge.

Carey brought suit against his former employer and Wyman, alleging that Wyman, acting as an agent of their mutual employer, slandered him. This appeal is from summary judgment for both defendants.

1. A deposition taken in an earlier case between the same parties was relied upon by appellees in their motion for summary judgment and was considered by the court. Although appellant made no complaint in the trial court, he has now enumerated as error the use of that deposition. Assuming that appellant may be permitted to make so tardy an objection to evidence considered on motion for summary judgment (but see *McKinnon v. Trivett,* 136 Ga. App. 59 (2) (220 SE2d 63)), his objection is without merit under this court's ruling in *Colbert Co. v. Newsom,* 125 Ga. App. 571 (1) (188 SE2d 266).

2. Appellant's other enumerations of error concern purported questions of fact remaining for jury determination. While there may be a question of fact remaining on some collateral issue, the trial court decided this case on an issue which makes the remaining issues immaterial.

In his complaint, appellant alleged that Wyman said appellant had been stealing from his employer. In appellant's deposition testimony, he said Wyman said he had been "taking" from his employer. The affidavits submitted by appellant also support the use of the word "taking" as opposed to "stealing." In his deposition, appellant admitted that he had been "taking" goods from his employer with knowledge that they were not his to take. Appellees have shown, from appellant's own mouth, the truth of the statement attributed to Wyman. It follows that, since truth is a defense to a slander action (OCGA § 51-5-6 (Code Ann. § 105-708)), appellees were entitled to summary judgment (*Spaulding v. Rich's,* 146 Ga. App. 693 (247 SE2d 218)) and issues of fact regarding agency and other collateral issues were moot.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 16, 1983.

*Johnnie C. Wages,* for appellant.

*Joseph F. Page,* for appellees.