66387. DILLARD et al. v. WOODALL et al.

BANKE, Judge.
Acting as an independent insurance agent, appellant Dillard obtained for appellee Graham Woodall a homeowner's insurance policy issued by Insurance Company of North America. The insured dwelling burned while the policy was in force, but the insurer subsequently refused to pay, contending that Woodall was guilty of arson and misrepresentation. Woodall and his wife then sued the insurance company and the appellant, referring to them as "joint tortfeasors and joint obligors." This designation was evidently necessary to obtain venue over the insurance company in the county where the suit was filed.

The complaint sought not only to recover the benefits allegedly due under the policy but also to recover damages for slander and for "mental and physical problems" allegedly suffered by Mrs. Woodall as a result of the defendants' conduct in investigating the claim. The

complaint further sought to impose liability on appellant Dillard separately, based on certain assurances which he had allegedly made to Mr. Woodall, before the house burned, to the effect that the dwelling would be insured under the terms of the policy even though it was not occupied on a full-time basis. The appellant moved for summary judgment as to all four counts of the complaint, and the trial court denied the motion. We then granted the appellant's application for interlocutory appeal. *Held:*

1. Both appellees testified on deposition that they knew of no false statements or accusations made against them by the appellant. Consequently, the trial court should have granted the appellant's motion for summary judgment as to the slander allegations. The court should also have granted summary judgment to the appellant with respect to the count of the complaint dealing with Mrs. Woodall's alleged mental and physical injuries, as there was no other allegation of tortious misconduct on the appellant's part upon which liability for such damages could be predicated.

2. The appellant was also entitled to summary judgment with respect to the allegation that he was jointly and severally liable with the insurance company on the homeowner's policy. "An agent for a disclosed principal who acts within his authority and in a representative capacity cannot be held liable in an action against him for a contract made by him as an agent for the principal. [Cits.]" *Weaver v. Ralston Motor Hotel,* 135 Ga. App. 536, 539 (218 SE2d 260) (1975).

3. With respect to the claim against the appellant for allegedly misrepresenting to Mr. Woodall the extent of his insurance coverage, we hold that the motion for summary judgment was properly denied. The appellees asserted in their complaint that the insurance company had denied liability in part because they had not been using the insured dwelling as their full-time residence when the fire occurred, and the insurance company admitted this allegation in its answer. Since the appellant was acting as an independent agent for Mr. Woodall as well as for the insurance company, he may be held liable for damages resulting either from failure to exercise due care in procuring proper coverage or from misrepresentation of the amount of coverage procured. Cf. *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974). Although the insurance company submitted a letter to the trial court after the summary judgment hearing asserting that its "primary" defenses were arson and misrepresentation and that it did not "intend to raise any coverage defense based upon Mr. Woodall's alleged failure to occupy the insured premises on a full-time basis," this may be considered merely a gratuitous, non-binding expression of present

intention. Consequently, we decline to rule as a matter of law that the letter is sufficient to estop the insurance company from later raising the issue. As for the viability of the defense itself, it would be inappropriate for us to hold that lack of occupancy either does or does not affect coverage under the terms of the policy in the absence of a prior ruling on the question by the trial court.

*Judgment affirmed in part and reversed in part. Deen, P.J., and Carley, J., concur.*

DECIDED JUNE 27, 1983.

*Weymon H. Forrester,* for appellants.
*Douglas W. McDonald, Sr., Dennis J. Webb,* for appellees.