## 68463. MEDLIN v. GLOBE CONTINENTAL CORPORATION.

DEEN, Presiding Judge.

Globe Continental Corporation brought suit against Brand Medlin seeking to recover $41,470.66 which it alleged represented charges by and advances to Medlin while he served as the corporation's president. The complaint was amended to increase the demand to $62,156.96. Appellant answered, admitting some indebtedness, and counterclaimed contending that the corporation owed him a bonus of not less than $150,000 for the fiscal year ending September 30, 1982. Medlin eventually admitted owing appellee $36,737.29, which he claims was to be paid from his fiscal year-end bonus. Appellee filed motions for summary judgment on both the amended complaint and the counterclaim. The trial court granted partial summary judgment in the amount of $36,737.29 in the main action and summary judgment as to the counterclaim. Medlin appeals from the grant of summary judgment on his counterclaim. *Held*:

The evidence showed that Medlin was first employed by appellee in 1969, when the company was known as Columbus Insulating Company. (Its name was changed to Globe Continental Corp. in 1981.) Medlin claims his original oral employment agreement included, among other benefits and in addition to stipulated compensation, an agreement that he would be paid a reasonable bonus from profits made in the business. In the years following, he was paid only one bonus. In 1978 he became president and received a bonus of 38% of the company's $40,000 net profits. He did not receive a bonus in 1979 and 1980 because the company made no profit. At the end of fiscal 1981 Medlin claims that the corporation had a before-tax net income of $30,000 and that he was entitled to a bonus of $11,400, which he did not receive because all parties agreed, that, since several large contracts had been obtained which required a great deal of working capital, the bonus would be deferred until the end of fiscal 1982. In fiscal 1981-82 the corporation's net profit before taxes was approximately $350,000. Medlin quit his employment on September 16, 1982, shortly before the fiscal year ended on September 30. Attached to the affidavit of Fred Carpenter, the corporation's chief executive officer and majority stockholder, is a copy of the minutes of a special meeting of the Board of Directors held on April 14, 1982. Appellant was listed among those directors present, and the minutes show that "[t]he Chairman (Carpenter) stated that it appeared that the corporation was having a fairly good year financially and that it was anticipated that bonuses to some of the key employees of the corporation would be considered at the end of the corporation's fiscal year ending September 30, 1982." In his deposition, appellant admits he was present at the meeting, but claims he could not confirm the substance of

the minutes without further study because he could not remember. As to the alleged promise to pay a bonus in 1982, appellant repeatedly admitted that no certain amount or percentage of the profits was discussed by anyone, especially Carpenter. He stated, "Fred, he didn't talk in percentages, I admit. He talked in random."

"All evidence and materials submitted on motion for summary judgment, including the testimony of the parties, must be construed most strongly against the movant. [Cit.]" *Giant Peanut Co. v. Carolina Chemicals*, 129 Ga. App. 718, 719 (200 SE2d 918) (1973). However, once the movant meets his burden of establishing that no genuine issue of material fact exists, the respondent bears the burden of submitting proof or suffer judgment against him. *Cryder v. Amusements of America*, 144 Ga. App. 632 (241 SE2d 500) (1978).

Appellant's evidence as to an alleged oral contract with appellee to pay him a bonus at the end of fiscal 1982 is too vague to be enforced. By his own admission, he quit his employment prior to the end of the fiscal year, and no definite amount or percentage of the profits had been promised to him. See *Gray v. Aiken*, 205 Ga. 649 (54 SE2d 587) (1949), where an employee relied upon a written promise which provided that profits would be distributed equitably between the parties. This was held to be too vague to be enforceable. See also *Dales' Shoe Store v. Dale*, 104 Ga. App. 371 (121 SE2d 695) (1961); *Jones v. Vulcan Materials Co.*, 112 Ga. App. 402 (145 SE2d 268) (1965). Therefore, as to that portion of the counterclaim which represents a claimed percentage of the profits for fiscal 1982 as a bonus, we find there is no material issue of fact. However, appellant's affidavit also contains a reference to a bonus of $11,400 which he claims was agreed upon by the parties as his bonus for 1981, which he lent to the corporation so it would have additional working capital for the forthcoming fiscal year. As to this amount, appellee simply denies that appellant was entitled to any amount as a bonus, and we find that there is a jury question as to this amount.

*Judgment affirmed in part, reversed in part. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 25, 1984.

*Lee R. Grogan*, for appellant.
*Mark R. Youmans, S. Davis Laney*, for appellee.