### 69625. MEDLIN v. CARPENTER et al.
(329 SE2d 159)

BEASLEY, Judge.

Appellant Medlin, a former employee and a minority shareholder of appellee Globe Continental Corporation (Globe), filed this multi-count suit against Globe and appellee Carpenter, who was its president, chairman of the board, and majority shareholder. For approximately four years, Medlin had served as president of Globe and its predecessor corporation, Columbus Insulating Company.

Prior to the present suit, Globe had filed an action in Harris County against Medlin to recover monies it alleged Medlin owed from his employee receivable account. Summary judgment was granted to the corporation as to portions of that suit, and the propriety of the grant was appealed. Following this court's determination in the prior suit, which we will discuss in a moment, the present appellees sought to add by amendment additional defenses in the action at bar. Medlin filed a motion to strike, which was denied by the trial court. The court also granted summary judgment to the appellees as to eight counts of Medlin's amended eleven-count complaint. Medlin appeals from the denial of his motion and from the grants of summary judgment. *Held*:

1. Count one of Medlin's complaint alleges that due to the actions of Carpenter, the corporation did not pay to Medlin a reasonable bonus to which he was entitled, and as a result Medlin incurred $150,000 damages plus the right to seek punitive damages and attorney fees due to the bad faith of appellees. Appellant claims that the grant of summary judgment as to this count was improper.

In the prior suit filed by Globe against Medlin to recover corporate assets and monies which were allegedly diverted for his personal use and that of his family, Medlin filed a counterclaim in which he contended that he was "entitled to a reasonable bonus of not less than $150,000.00." The court granted partial summary judgment as to

Globe's claim in the amount of $36,737.29 and granted summary judgment to the corporation with respect to Medlin's counterclaim.

On the appeal from the grant of summary judgment on the counterclaim, this court held that Medlin's evidence as to an alleged oral contract with the corporation to pay him a bonus at the end of fiscal 1982 was too vague to be enforced and that therefore the grant of summary judgment was proper as to that portion of the counterclaim which represented the claimed percentage of profits for fiscal 1982. This court further found that there was a jury question as to Medlin's entitlement to a bonus of $11,400 for 1981, which he allegedly lent to the corporation as additional working capital for the following fiscal year. *Medlin v. Globe Continental Corp.*, 171 Ga. App. 103, 104 (318 SE2d 807) (1984).

Medlin's claim of entitlement to a bonus in count one of the present suit is the same bonus that was claimed and adjudicated in the earlier action and Medlin is estopped to relitigate this same issue in the present suit. OCGA § 9-12-42; *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343 (270 SE2d 883) (1980). To hold otherwise would create the possibility of double recovery or inconsistent judgments.

2. In count two of appellant's complaint, he alleges that he is due a dividend from Globe proportionate to that supposedly paid to Carpenter, as well as punitive damages and attorney fees. Grant of summary judgment to appellees as to this count is claimed as error.

First, a party may not raise issues arising out of the same transaction which should have been pleaded as a compulsory counterclaim in another separate suit. *First Fed. Savings & Loan Assn. v. I.T.S.R.E., Ltd.*, 159 Ga. App. 861 (285 SE2d 593) (1981). A cause of action is barred by the doctrine of res judicata even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added. See *Caswell v. Caswell*, 162 Ga. App. 72 (290 SE2d 171) (1982).

Inasmuch as this claim for a proportionate dividend from Globe arose out of the same employment relationship which was the basis of both Globe's main claim and Medlin's counterclaim in the earlier action, which would not have required for its adjudication the presence of parties of whom the court could not have acquired jurisdiction, and since a logical relationship exists between the claim for a pro-rata dividend and the respective claims asserted by the parties in the Harris County suit, Medlin's present claim for the dividend should have been raised by way of counterclaim in the prior suit. OCGA § 9-11-13 (a); *Myers v. United Services Auto. Assn.*, 130 Ga. App. 357 (203 SE2d 304) (1973); *P & J Truck Lines v. Canal Ins. Co.*, 148 Ga. App. 3 (251 SE2d 72) (1978); *Schoen v. Home Fed. Savings &c. Assn*, 167 Ga. App. 644 (307 SE2d 72) (1983).

Assuming *arguendo* the propriety of raising this issue of entitlement to a dividend in the present litigation, appellees were still entitled as a matter of law to summary adjudication of this issue.

In his deposition, although Medlin stated that to his knowledge, neither Globe nor its precedessor, Columbia Insulating Company, ever paid a dividend to any stockholder, he asserted that he is entitled to a dividend because Carpenter received an amount equal to forty percent of the corporation's net profits after bonuses and before income taxes for its fiscal year ending September 30, 1982. Medlin readily ackowledges that this amount was not a dividend, rather a bonus, but that as a stockholder he felt he should get both a bonus and a dividend.

Medlin was present at the April 14, 1982, special meeting of Globe's board of directors, the minutes of which reflect that the board, including Medlin, unanimously approved the payment to Carpenter of the now disputed sum. There is no material issue of fact with respect to Medlin's participation in and vote on the approval of the payment to Carpenter.

At the time of such vote, Medlin was a shareholder in the corporation as well as president and member of the board of directors, and shareholders in a corporation who participate in the performance of an act or who acquiesce and ratify the same are estopped even in equity to complain thereof. *Bloodworth v. Bloodworth*, 225 Ga. 379 (169 SE2d 150) (1969); *Pickett v. Paine*, 230 Ga. 786, 792 (199 SE2d 223) (1973).

Medlin claims a right to a dividend by virtue of, *inter alia*, his minority shareholder status. Any profit of the corporation that might have been due and owing to Medlin because of his minority shareholder interests could only have been realized indirectly through the declaration of a dividend or other corporate agreement by which such a minority shareholder would be allowed a portion of the profits as perhaps related to his percentage interests in the corporation. A declaration of dividends is generally a matter of internal corporate discretion. See *Pickett v. Paine*, supra at 790. Moreover, this court earlier found that no definite amount or percentage of the corporate profits had been promised to Medlin. *Medlin v. Globe Continental Corp.*, supra at 104. We are unable to find in the present record any corporate agreement to allow Medlin a portion of the profits relative to his percentage interests in the corporation.

3. Appellant's third enumeration of error complains of the granting of appellees' summary judgment as to count three. It alleges wrongful acts on the part of Carpenter in causing Globe to employ relatives and friends and in paying to them unreasonable sums as salaries and/or bonuses, such acts resulting in reduction of value of Medlin's stock.

Under the circumstances of the present case, such a claim for misappropriation or misapplication of corporate funds is properly brought as a derivative claim rather than as a direct action. See *Pickett v. Paine,* supra.

The general rule is that a shareholder seeking to recover misappropriated corporate funds may only bring a derivative suit. The reasons underlying this general rule are that 1) it prevents a multiplicity of lawsuits by shareholders; 2) it protects corporate creditors by putting the proceeds of the recovery back in the corporation; 3) it protects the interests of all shareholders by increasing the value of their shares, instead of allowing a recovery by one shareholder to prejudice the rights of others not party to the suit; and 4) it adequately compensates the injured shareholder by increasing the value of his shares. If there exists the possibility of prejudice to other interested parties, such as creditors or other shareholders, a direct recovery should not be allowed. *Thomas v. Dickson,* 250 Ga. 772 (301 SE2d 49) (1983).

The record contains unrebutted affidavits, attesting to various amounts of outstanding corporate indebtedness. The possibility of prejudice to parties interested by virtue of such indebtedness should preclude the direct claim in this count.

Even if we were to conclude that direct, rather than derivative, action would be proper here, the record, construed most strongly in favor of Medlin, does not support a finding of remaining material questions of fact as to the issue raised in count three. See inter alia, *Eiberger v. West,* 247 Ga. 767 (281 SE2d 148) (1981); *Hanover Ins. Co. v. Nelson Conveyor &c. Co.,* 159 Ga. App. 13 (282 SE2d 670) (1981); *Vizzini v. Blonder,* 165 Ga. App. 840 (303 SE2d 38) (1983).

Further, inasmuch as derivative claims may be considered in one lawsuit with direct claims against a corporation (see *Thomas v. Dickson,* supra at 774), for the reasons we have cited in Division 2, the present derivative claim should have been brought by counterclaim in the prior litigation.

Summary judgment was authorized as to count three.

4. Count four alleges that Carpenter breached his fiduciary relationship to Globe and thus to appellant by mishandling funds and taking other actions resulting in a devaluation of Medlin's stock.

Our analysis in Division 3 controls; there was no error in granting summary judgment against him in this regard.

5. Count six of the action asserts that appellee Carpenter slandered and orally defamed Medlin; summary judgment for appellee was not error.

The oral statements which Medlin contends are defamatory all involve alleged accusations, innuendos, and insinuations regarding Medlin's personal use of corporate monies, assets, and services.

Such alleged misuse was the gravamen of the Harris County ac-

tion against Medlin, and therefore a logical relationship exists between the action for the contended wrongful conduct and a counter action for publication of this conduct. Medlin's claim of defamation should have been pleaded in the Harris County suit. See Division 2.

Also, in that suit, Medlin eventually admitted owing Globe $36,737.29 and the court there granted the corporation partial summary judgment in this amount, which Medlin did not appeal.

Slander or oral defamation consists of (1) imparting to another a crime punishable by law; or (2) charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; or (3) making charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) uttering any disparaging words productive of special damage which flows naturally therefrom. OCGA § 51-5-4.

To be actionable, a statement must be both false and malicious. *Williams v. Trust Co.*, 140 Ga. App. 49 (230 SE2d 45) (1976). A plaintiff cannot recover for slander where he admits the truth of the statements attributed to the defendant. *Carey v. Glen Restaurants*, 166 Ga. App. 638 (305 SE2d 171) (1983). The truth of the charge made may always be proved in justification of an alleged libel or slander. OCGA § 51-5-6. The time that knowledge of the truth was ascertained by defendant is immaterial. *Cox v. Strickland*, 101 Ga. 482 (28 SE 655) (1897), cited in *McKinnon v. Trivett*, 136 Ga. App. 59 (220 SE2d 63) (1975); *Spaulding v. Rich's*, 146 Ga. App. 693 (247 SE2d 218) (1978).

Summary judgment has been held to be properly granted in cases involving claims of defamation. See *Williams v. Trust Co.*, 140 Ga. App. 49, supra; *Dillard v. Woodall*, 167 Ga. App. 158 (306 SE2d 81) (1983). It was properly granted in this instance. Once Carpenter, in his position as defendant, who as a movant for summary judgment pierced the pleadings of Medlin in his position as plaintiff and showed that an essential element necessary for recovery, i.e., falsity, was lacking and incapable of proof, Carpenter was entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. *Waldrep v. Goodwin*, 230 Ga. 1, 2 (1) (195 SE2d 432) (1973); *First of Ga. Ins. Co. v. Josey*, 129 Ga. App. 14, 16 (198 SE2d 381) (1973); *Williams v. Trust Co.*, supra at 64.

6. Appellant's enumeration of error number seven contends that the trial court erred in granting summary judgment as to count seven, which reads in pertinent part:

"In his capacity as majority stockholder and officer of the corporation, the defendant, Fred Carpenter, has failed and refused to provide to all shareholders the same benefit which he caused to be provided to himself; and is attempting to use his position to manipulate the corporate affairs so as to deprive plaintiff, a minority stockholder,

of the value of his property, which scheme to freeze out plaintiff as a minority stockholder is without any legitimate corporate purpose and is a breach of said defendant's fiduciary obligation to deal fairly with minority stockholders and is fraudulent as to plaintiff."

The record contains no evidence of agreement to provide all shareholders, including Medlin, with the same benefits provided to Carpenter. As we have noted in Division 1, the issue of entitlement to a bonus is not properly relitigated in this action and the issue of entitlement to a dividend, under the circumstances of this case, is properly a derivative rather than a direct claim. See Division 2. Any claims of fraudulent acts or acts of mismanagement would likewise be the subject of derivative action. Also, we question the temporal propriety of these claims, i.e., raised in this action rather than by counterclaim in the prior suit.

This enumeration of error is without merit.

7. Count eight also alleges various acts of corporate mismanagement resulting in damage to Medlin as a minority stockholder. Here again, direct action was inappropriate, and summary judgment was properly granted.

8. Medlin contends that the court erred in granting summary judgment to appellees as to count nine. It alleges that Carpenter tortiously interferred with Medlin's present contract of employment by contacting his superiors and making untrue statements concerning him. The gist of these alleged statements by Carpenter was that Medlin owed money to the corporation. In his deposition, Medlin admits the veracity of such statements, and since he asserts no other ground on which to base his claim of tortious interference, the enumeration is without merit.

9. Appellant's enumerations of error numbers 10 and 11 assert that the trial court erred in granting summary judgment as to these counts but the court reserved ruling until a later time so nothing is presented for our review.

10. Finally, appellant Medlin contends that the trial court erred in denying and overruling his motion to strike.

The objected-to amendment to answer and defenses and counterclaims of defendants added the defenses of res judicata, ratification, and lack of standing.

Upon motion made by a party within thirty days after the service of the pleading upon him, or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. OCGA § 9-11-12 (f). Such motions to strike are not favored and should not be granted unless it is clear that the matter sought to be stricken can have no possible bearing upon the subject matter of the litigation. *Northwestern Mut. Life Ins. Co. v. McGivern*, 132 Ga.

App. 297 (208 SE2d 258) (1974). In particular, a motion to strike a defense should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense. *Wellbaum v. Murphy*, 122 Ga. App. 654 (178 SE2d 690) (1970); *Unigard Ins. Co. v. Kemp*, 141 Ga. App. 698 (234 SE2d 539) (1977); *West v. Griggs*, 144 Ga. App. 285 (241 SE2d 26) (1977). This was clearly not the case here.

In addition, none of the disputed defenses are among those deemed waived if not timely made under OCGA § 9-11-12 (h). Moreover, the record indicates that as of the time of filing the amendment, no pretrial order had been entered in the case, and a party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. OCGA § 9-11-15 (a); *Newbern v. Chapman Funeral Chapel*, 158 Ga. App. 790 (282 SE2d 379) (1981).

Medlin's motion to strike was properly denied.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in all except Division 5 and concurs in the judgment.*

DECIDED FEBRUARY 13, 1985 —
REHEARING DENIED MARCH 20, 1985 —

*Lee R. Grogan*, for appellant.
*Mark R. Youmans, S. Davis Laney*, for appellees.