A93A1745. KERSEY v. UNITED STATES SHOE
CORPORATION et al.
(440 SE2d 250)

ANDREWS, Judge.

Kersey brought this action alleging libel, slander and breach of an employment contract against her former employer, United States Shoe Corporation, Women's Specialty Retailing Group (U. S. Shoe), and Shapiro and Robblin, both employees of U. S. Shoe. The trial court granted summary judgment in favor of the defendants and Kersey appeals.

In 1989, Kersey was promoted by U. S. Shoe from her job as a store manager of a women's clothing store to the position of district manager in charge of various U. S. Shoe stores. In March 1990, Shapiro, who was Kersey's regional supervisor at U. S. Shoe, received a report from a U. S. Shoe employee that while she was a store manager, Kersey had participated in cheating in a dress selling contest sponsored by U. S. Shoe in 1988, enabling Kersey's store to win the contest over other U. S. Shoe stores, and also resulting in payment of cash bonuses by U. S. Shoe to Kersey and other store employees. Shapiro asked Robblin, a security manager at U. S. Shoe, to investi-

gate the report of contest cheating. Robblin spoke with Cinelli, who was Kersey's assistant manager at the store during the contest. Cinelli told Robblin that in violation of company rules Kersey's store won the contest by falsely inflating contest dress sales by showing non-dress sales as dress sales, and that she had personal knowledge of Kersey's participation in these efforts.

Thereafter, Robblin interviewed Kersey and informed her that a U. S. Shoe employee had told him that Kersey had knowledge of and participated in cheating at her store in the 1988 dress contest. According to Robblin, Kersey admitted that she cheated in the contest and agreed to pay back the bonus money she had been awarded. The record reflects that during the interview with Robblin, Kersey signed a promissory note agreeing to repay U. S. Shoe the sum of $500, and wrote and signed an explanation accompanying the note stating: "I have agreed to reimburse [U. S. Shoe] for $500.00 due to the fact that I disqualify myself from winning the dress contest in 1988 in which I received aproximately [sic] $500. This is due to my knowledge of breaking of the rules in which I had knowledge of on 1-3 occasions where non-dresses were rung as dresses." After the meeting with Robblin, Kersey met again with Shapiro and Robblin. Shapiro stated that during this meeting Kersey admitted she cheated in the dress contest, and he told her that she was being terminated from her job for cheating on the contest.

In her deposition, Kersey acknowledged that she agreed to pay back the $500 contest winnings, and that she wrote and signed the explanation accompanying the repayment note, but she further testified she did not cheat in the contest, and had no knowledge of employee cheating. Kersey explained that she agreed to repay the $500 only after she learned for the first time from Robblin that someone in her store had admitted to cheating during the contest, and she felt this disqualified the entire store.

A few days after the meetings with Shapiro and Robblin, Shapiro sent a letter to Kersey confirming her termination and stating that "code 56 (Proven Dishonesty) has been used on the termination report." A copy of this letter was sent intra-company to high-level management. Kersey subsequently sent a letter to the same management personnel stating that the cheating accusations were false, that she did not commit any dishonest act, and requesting that the termination code be changed from proven dishonesty. Thereafter, Kersey received a letter from the company employee relations manager informing her that: "Based on your length of service with the Company, we have agreed to change your termination code from 'proven dishonesty' to 'resigned by mutual agreement.' However, this does not lessen the seriousness of the matter, or the way the Company views it." A copy of this letter was sent intra-company to Shapiro and high-level

management. Shapiro later called a meeting of the store managers who had been under Kersey's supervision and told them that Kersey had been terminated for cheating on the dress contest. Kersey also contends that the meeting in which Shapiro terminated her for contest cheating was overheard by an unidentified passerby. In the present action, Kersey claims the allegations of cheating were false, that the above communications were published by the defendants, and that they constituted a libelous and slanderous defamation of her reputation.

Damage to Kersey's reputation is actionable only if it resulted from the defendants' non-privileged publication of false words regarding her termination from employment. *Brewer v. MARTA*, 204 Ga. App. 241, 242 (419 SE2d 60) (1992). We need not determine whether the communications at issue were intra-corporate, and therefore not published within the meaning of the law, or whether the communications were privileged within the meaning of OCGA § 51-5-7. See *Kurtz v. Williams*, 188 Ga. App. 14 (371 SE2d 878) (1988); *Green v. Sun Trust Banks*, 197 Ga. App. 804, 809-810 (399 SE2d 712) (1990). "The truth of the charge made may always be proved in justification of an alleged libel or slander." OCGA § 51-5-6. Although truthfulness is normally a question of fact for the jury (*Thrasher v. Cox Enterprises*, 209 Ga. App. 716 (434 SE2d 497) (1993)), where the party claiming to have been defamed has conclusively acknowledged the truthfulness of the communication at issue, it may be resolved as a matter of law. *Carey v. Glen Restaurants*, 166 Ga. App. 638 (305 SE2d 171) (1983). "A plaintiff cannot recover for [alleged defamation] where he admits the truth of the [communications] attributed to the defendant." *Medlin v. Carpenter*, 174 Ga. App. 50, 54 (329 SE2d 159) (1985).

Kersey testified that she did not cheat in the dress contest, and had no knowledge of cheating. However, she also gave sworn testimony acknowledging that she repaid the $500 in bonus money she received when her store won the contest because, "I had knowledge of on 1-3 occasions where non-dresses were rung as dresses." She later attempted to explain this contradiction by stating that she first learned from Robblin that cheating had occurred in her store, and felt this disqualified her winnings. "Although all evidence on summary judgment is normally construed in favor of the non-moving party, testimony by a non-moving party in his own behalf which is contradictory, vague or equivocal will be construed against such party, unless a reasonable explanation is offered to explain the contradiction. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). Whether such testimony is contradictory, and whether a reasonable explanation has been offered is a question of law for the trial court. Id. at 30; *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474, 475

(359 SE2d 231) (1987)." *Worley v. State Farm Mut. Auto. Ins. Co.*, 208 Ga. App. 805, 807 (432 SE2d 244) (1993). Although the trial court's order granting summary judgment to the defendants does not indicate the basis upon which it was granted, an order right for any reason will be affirmed. *Spiezio v. American Gen. Finance*, 204 Ga. App. 350, 352 (419 SE2d 149) (1992). On the present record, the trial judge was authorized to conclude that Kersey gave contradictory testimony as to whether she had knowledge of and was involved in cheating which occurred in the store she managed, and that she failed to give a reasonable explanation for the contradiction. Accordingly, the trial court was further authorized to eliminate the testimony favorable to Kersey on this issue and conclude as a matter of law that she had acknowledged her complicity in the dress contest cheating which was the basis for her termination and the communications at issue. *Prophecy*, supra at 28.

Kersey's additional claim for breach of an employment contract was not supported in her brief by citation of authority or argument and is deemed abandoned. Court of Appeals Rule 15 (c) (2). The trial court correctly granted summary judgment in favor of the defendants.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 13, 1994.

*Moore & Moore, Theron M. Moore, Bradley W. Bledsoe*, for appellant.

*Smith, Gambrell & Russell, David M. Brown, Lisa L. Ballentine, Andrea Doneff*, for appellees.