A94A1903. DEPARTMENT OF TRANSPORTATION
v. TAUNTON.
(457 SE2d 570)

SMITH, Judge.

John Daniel Taunton died from injuries he sustained in an automobile collision on April 11, 1993. Appellee Raymond Taunton filed a complaint for the wrongful death of his son on December 1, 1993. Appellant Georgia Department of Transportation ("DOT") filed its answer, which included several defenses. Taunton subsequently filed a motion to strike three of the DOT's defenses, which were based on the expert affidavit requirement, OCGA § 9-11-9.1, exceptions to the

Georgia Tort Claims Act, OCGA § 50-21-20 et seq., and the "public duty doctrine," respectively. The motion was granted as to those defenses based on OCGA § 9-11-9.1 and the public duty doctrine, but denied as to the DOT's defense under the Tort Claims Act. The order was certified for interlocutory review, the DOT's application was granted by this court, and this appeal followed.

OCGA § 9-11-12 (f) provides that "[u]pon motion made by a party within 30 days after the service of the pleading upon him, or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, "[s]uch motions to strike are not favored and should not be granted unless it is clear that the matter sought to be stricken can have no possible bearing upon the subject matter of the litigation. [Cit.]" *Medlin v. Carpenter*, 174 Ga. App. 50, 55 (10) (329 SE2d 159) (1985). Defensive pleadings in particular "are to be liberally construed in favor of the pleader, and a motion to strike a defense should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense." *Wellbaum v. Murphy*, 122 Ga. App. 654, 655 (178 SE2d 690) (1970).

Moreover, although there is very little authority in Georgia generally on what constitutes an "insufficient" defense under OCGA § 9-11-12 (f), it would appear obvious that the procedure should not be used to dispose of weighty matters of law. In this regard, we find particularly persuasive the view taken in *Resolution Trust Corp. v. Youngblood*, 807 FSupp. 765 (N. D. Ga. 1992), and cases cited therein as to Rule 12 (f) of the Federal Rules of Civil Procedure. "Where a defense is insufficient as a matter of law, it should be stricken to eliminate the unnecessary delay and expense of litigating it. However, motions to strike cannot be used to determine disputed fact questions, nor can they be used to decide disputed and substantial questions of law, particularly where there is no showing of prejudice to the movant. Even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial questions of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits. To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts." (Citations and punctuation omitted.) Id. at 769.

We examine the "sufficiency" of each of the DOT's stricken defenses under these formidable standards.

1. DOT's third defense states: "Plaintiff failed to file an expert affidavit pursuant to OCGA § 9-11-9.1. Therefore, to the extent Plaintiff alleges that DOT engaged in professional malpractice, Plaintiff's complaint should be dismissed for failure to state a claim." Taunton

is asserting that DOT should have installed advance warning signs, rumble strips, a crossroad sign, flashing lights, etc., none of which previously existed at the intersection.

The DOT argues that such matters are for professional traffic engineers to determine and that any alleged shortcoming in that decisionmaking process would sound in professional negligence. "The process of building and designing roads requires engineering services which have been described as the performance of professional services within the purview of OCGA § 9-11-9.1. [Cits.]" *Dept. of Transp. v. Gilmore*, 209 Ga. App. 656 (434 SE2d 114) (1993). Under the circumstances, we cannot say that "it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense." *Wellbaum v. Murphy*, supra. The trial court erred in striking this defense.

2. The question of whether the DOT's defense based on the "public duty" doctrine established in *City of Rome v. Jordan*, 263 Ga. 26, 27 (426 SE2d 861) (1993), should be limited to cases where third party negligence is involved is indisputedly a "substantial question of law." *Youngblood*, supra. We do not reach the substance of this weighty matter given the lack of factual development of the record at this stage of the case. We merely hold that a motion to strike under OCGA § 9-11-12 (f) was not the appropriate vehicle to dispose of the DOT's "public duty" defense at this juncture.

Defenses that are clearly insufficient based on established law should be readily stricken even "upon the court's own initiative," OCGA § 9-11-12 (f). However, we find the importance of further developing the record on this particular issue to outweigh consideration of the delay and expense to Taunton necessitated by the DOT's reliance on *City of Rome v. Jordan*, supra.

*Judgment reversed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson and Ruffin, JJ., concur. McMurray, P. J., and Blackburn, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

"Upon motion made by a party within thirty days after the service of the pleading upon him, or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. OCGA § 9-11-12 (f). Such motions to strike are not favored and should not be granted unless it is clear that the matter sought to be stricken can have no possible bearing upon the subject matter of the litigation. [Cit.] In particular, a motion to strike a defense should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense. [Cits.]" *Medlin v. Carpenter*, 174

Ga. App. 50, 55 (10) (329 SE2d 159).

Defendant's third defense and the first at issue in this appeal states that: "Plaintiff failed to file an expert affidavit pursuant to OCGA § 9-11-9.1. Therefore, to the extent Plaintiff alleges that DOT engaged in professional malpractice, Plaintiff's Complaint should be dismissed for failure to state a claim." I would hold that any issue concerning the striking of this defense has been rendered moot by plaintiff's "formal admission in judicio," contained in his brief to this court, that "the complaint is not based on professional malpractice." Whether plaintiff's concession is technically an admission or a waiver, the substance is the same. Any ambiguities in the wording of the complaint relevant to the issues at hand are removed. Since it is thereby settled that the present complaint in this action does not state a claim based on professional malpractice, the defense at issue has no relevance to any claim pending in the case and no purpose is served by reversing the order striking the defense. Nonetheless, the majority has concluded that this defense should not have been stricken because under some conceivable sets of circumstances it could be a proper response to the allegations of plaintiff's complaint.

In my view, this is a purposeless reversal which will only facilitate a wasteful expenditure of the resources of the parties and of the lower court. The plaintiff has conceded all that defendant could ever hope to gain from the defense at issue. Defendant sought the dismissal of plaintiff's complaint to the *extent* it states a claim for professional malpractice and plaintiff has responded with a formal concession which in effect says "fine, O.K., I never intended to assert professional negligence anyway." After plaintiff's concession, there is nothing for the defense at issue to act upon, it is irrelevant and immaterial.

The remaining defense at issue states that: "This action is barred by the public duty doctrine. DOT owed no specific duty to Plaintiff beyond that which is owed to the public generally." This defense would invoke the public duty doctrine stated in *City of Rome v. Jordan*, 263 Ga. 26, 27 (1) (426 SE2d 861). This doctrine as created by the Supreme Court involves only failures of governmental entities to protect citizens from third party wrongdoers. Accord *City of Lawrenceville v. Macko*, 211 Ga. App. 312, 314 (2) (439 SE2d 95). Defendant has failed to submit any authority for expansion of the public duty doctrine to circumstances such as those in the case sub judice. Therefore, I would hold that the superior court did not err in striking this defense since it appears that the matter stricken can have no possible bearing upon the subject matter of the litigation. *Medlin v. Carpenter*, 174 Ga. App. 50, 55 (10), supra. By effectively eviscerating the statutory provision for motions to strike, the majority imposes upon plaintiff the very delay and expense which this provision is intended

to prevent.

As I would affirm the superior court's grant of plaintiff's motion to strike these two defenses, I respectfully dissent.

I am authorized to state that Judge Blackburn concurs in this dissent.

BLACKBURN, Judge, dissenting.

I join in Presiding Judge McMurray's dissent, and I write specially to emphasize the potential misuse of the majority's opinion.

Control of discovery is within the trial court's discretion and authority. DOT had the opportunity to request an extension of time to file a response to the plaintiff's motion to strike, so that discovery could be conducted. Such a request would have been within the trial court's discretion to grant; however no such request was made. Therefore, the DOT proceeded at its peril. The majority opinion adopts the burden of reviewing each case to determine if sufficient discovery has been conducted on the issue presented. This position requires that this court second guess the attorneys and parties in the underlying case, i.e., perhaps there was a tactical reason why the party did not attempt to proceed with discovery. This is not, and should not be, a duty of this court. Where insufficient evidence is presented to this court to make a determination, the party with the burden of proof must lose.

DECIDED MARCH 31, 1995 — ▆▆▆▆▆▆▆

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Susan J. Levy*, for appellant.

*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Gary C. Christy, David A. Forehand, Jr.*, for appellee.

