*J. P. Brooke, George F. Gober, R. B. Russell,* for defendant.

---

### 10813. WING v. FLOURNOY & KERNAGHAN.

LUKE,‛ J. When one employed for a definite time becomes ‛secretely engaged in a business which necessarily renders him a competitor and rival of his employer, he has an interest against his duty, and may be summarily dismissed. Such a dismissed employee cannot recover from his employer upon an allegation that the employer violated the terms of employment by discharging him without cause and without notice. See 18 R. C. L. 519, § 31.

(a) Under the evidence in this case it was not error for the court to direct a verdict in favor of the defendant. See *Haag* v. *Rogers,* 9 *Ga. App.* 650 (2) (72 S. E. 46) ; *Parker* v. *Farlinger,* 122 *Ga.* 315 (2) (50 S. E. 98).

       *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
              DECIDED JANUARY 6, 1920.

Action on contract; from city court of Macon—Judge Guerry. June 16, 1919.

*Herring & Sparks,* for plaintiff. *Miller & Jones,* for defendant.

---

### 10847. WELLONS v. McCARTHA.

LUKE, J. The evidence in this case authorized the verdict, which has the approval of the trial judge, and this court cannot interfere with it. It was not error to overrule the demurrer to the suit, nor did the court err in admitting the evidence objected to by the defendant. The admission of such evidence was not harmful to the defendant. For no reason assigned was it error to overrule the motion for a new trial.

       *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
              DECIDED JANUARY 6, 1920.

Action for damages; from Crisp superior court—Judge Gower. June 17, 1919.

*Pearson Ellis,* for plaintiff in error.

*Max E. Land,* contra.