27233.  COLLETTE *v.* WARREN.

DECIDED JANUARY 23, 1939.

*C. H. Dalton,* for plaintiff.  *Hardin & McCamy,* for defendant.

FELTON, J.  The plaintiff brought suit, alleging in substance that defendant was indebted to her in the sum of $500.31 for that on October 12, 1935, defendant did drive his automobile in such a way and manner as to run it into plaintiff and inflict serious injuries to her and cause her considerable expense and loss of time as a result thereof; that defendant admitted he was at fault and did sign an agreement to pay to plaintiff all damages in the way of expenses she was put to on account of being injured; that the agreement was misplaced but that plaintiff would be able to show the contents by parol evidence, and that the cause of action in this case was based on breach of the agreement rather than on the personal injuries; that the defendant has failed and refused to pay plaintiff anything or to compensate her for her loss as he agreed to do. A bill of particulars was attached to the petition showing the amount of bills etc., plaintiff was forced to pay. The plaintiff amended her petition and alleged in substance that defendant op-

erated his car as set forth in the petition and did run the same into plaintiff with such force that it threw plaintiff into the windshield and inflicted certain named injuries, and that as a result of the said injuries plaintiff suffered the loss of her mind and was without her mental faculties for a period of one and one-half years; that during the time plaintiff was without her faculties she could not bring an action in her behalf, and that there was no guardian appointed for her; that she regained her mind about June 15, 1937, at which time she first learned of the agreement entered into by the defendant; that the said agreement was procured in her behalf by her brother; that defendant is well able to pay the expenses called for by the agreement. The material parts of the agreement as set out in the amended petition are as follows: "I, Bill Warren, do hereby agree that I will pay all medical and the hospital expenses of Mrs. Troy Collette as a result of the injuries sustained by said Mrs. Troy Collette when she was struck by my automobile. . . By this agreement is meant that hospital bill, x-ray pictures, and the bill of Dr. J. C. Rollins and others consulting with him in attending the said Mrs. Troy Collette. I agree to look after said expenses and pay them, when and if I become financially able to do so. This agreement is made because of the fact that at present I have no money or property of any kind and no job or other income with which to pay said bills." The demurrers were sustained, and the action dismissed. The plaintiff excepted.

Properly construed, this is an action on a contract, and it only becomes necessary for us to look to the validity of that contract. It is earnestly contended by the defendant that the contract is invalid for the reasons that the terms thereof are too indefinite to be binding upon either party, that there is no maturity date in the contract, that there is no liquidated amount specified, that there is no consideration moving to either party, that the subject-matter is indefinite, and that the contract is unilateral. We do not think that any of these objections are well taken. It is a well-known maxim of the law that it considers that to be certain which can be made certain. The promisor agreed in this case to pay the doctors' bills and expenses. When the debts for the bills and expenses called for by the agreement had been incurred the amount due under the contract at once became definite and capable of exact proof. The amount due under the contract is that sum which was reason-

ably expended because of the happening named in the contract. There is a good consideration. It is true that the contract in the first instance was not procured by the plaintiff, but she ratified it as her act, as soon as she learned of it, by suing upon it. The consideration is the settlement of the claim for damages against the defendant and plaintiff's acceptance of the obligation. The only objection to the contract raised by the defendant in which there might be any merit is that the maturity date of the contract is "When and if I become financially able to do so." It is obvious from the whole alleged agreement that the promise to pay was intended to be unconditional, as the promise made in the first sentence of the agreement is without qualification. The explanation in the last sentence shows that the contingency created applies to the maturity of the obligation and not to the fact of promising to pay it. Where the promise to pay is unconditional and the time of payment alone is contingent an action will lie upon the happening of the contingency. The happening of the contingency is alleged in this case in the amendment. *Eaton* v. *Yarborough,* 19 *Ga.* 82; Ann. 75 A. L. R. 600; Boone *v.* A'Hern, 98 Ill. App. 610; Eckler *v.* Galbraith, 75 Ky. 71; Crooker *v.* Holmes, 65 Me. 195 (20 Am. R. 687); Rodgers *v.* Byers, 127 Cal. 528 (60 Pac. 42); Denny *v.* Wheelwright, 60 Miss. 733. It was error to sustain the demurrers to the petition.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*