41608. CONTINENTAL CASUALTY COMPANY v. STEPHENSON.

DEEN, Judge. 1. The first count of this petition, alleging that the plaintiff was an insured under a group policy of accident insurance by the terms of which the defendant insurance company agreed to pay to him, for total disability resulting from sickness, $422 per month until he reached the age of 65; that the plaintiff was totally disabled from fibromyositis, osteoarthritis and radiculitis secondary to intervertebral de-

generation and other stated physical conditions; that the defendant recognized its liability and paid benefits from October 8, 1961, to January 8, 1964, and that it has paid nothing since, although plaintiff has continued to be totally disabled, sets out a cause of action for payments due from that time on to the date of filing of this action. The trial court properly overruled the general demurrer to count 1 of the petition.

2. The allegations of count 2 that the defendant has tendered an anticipatory breach of contract, which plaintiff accepts, and is therefore liable in this action for all future payments for such total and permanent disability until the plaintiff reaches the age of 65, are unsupported by fact. The breach which will form the basis for this type of action is an unqualified repudiation of the entire contract prior to the time for performance. Thus, in *Travelers Ins. Co. v. Lancaster*, 51 Ga. App. 390, 392 (180 SE 641), the insurer denied all liability on the ground that the disability provision of the policy was not in force. Here, it appears from the allegations of count 2 that the defendant, after paying some of the monthly disability installments, informed plaintiff's attorney "that it did not consider plaintiff totally and permanently disabled, contending that there was no liability under its policy, it being contended that plaintiff was not totally and permanently disabled. . ." The refusal was not on the ground that the defendant repudiated or denied the validity of the contract, but on the ground that *under* the contract there was no obligation to pay. The repudiation must go to the whole contract. *Mendel v. Converse & Co.*, 30 Ga. App. 549 (1) (118 SE 586). Further, as was stated in *Lancaster's* case, supra, citing *Aetna Life Ins. Co. v. Dorman*, 51 Ga. App. 393 (180 SE 640): "The rule would be otherwise if . . . the amount was stipulated to be paid only in fixed monthly installments," rather than containing an option for payment in a lump sum. Here the fixed monthly installments depend on the physical condition of the plaintiff at the time of future payment, which is a contingency not as to time but as to event. "Where the promise to pay is unconditional and the time of payment alone is contingent, an action will lie upon the happening of the contingency." *Collette v. Warren*, 59 Ga. App. 371, 372 (1 SE2d 67). Where, on the other hand, the promise to pay is contingent upon the occurrence of

a future event as well as the arrival of a future time, it is not an unconditional promise to pay until the issue of fact— whether or not the event will take place—can be determined with reasonable certainty.

The defendant here acknowledges its obligations under its contract, but denies that the event which fixes liability upon it, the total disability of the plaintiff, exists. This is not such an anticipatory breach by the defendant as to allow the plaintiff to bring an action for disability benefits the existence of the plaintiff's right to receive which are contingent upon future events.

The trial court erred in overruling the general demurrer to count 2 of the petition.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

SUBMITTED NOVEMBER 1, 1965—DECIDED NOVEMBER 18, 1965.

*McCamy, Minor, Vining & Phillips, Robert L. Vining, Jr.,* for plaintiff in error.

*Frank M. Gleason,* contra.