## 65726. BROCK v. THE STATE.

Pope, Judge.

Defendant was accused, tried and convicted of obstruction of an officer and operating a motor vehicle in an unsafe manner. The trial court sentenced him to two consecutive twelve-month terms of confinement.

Defendant now appeals, asserting two enumerations of error. He first contends that the trial court acted vindictively in sentencing him to the consecutive sentences and, secondly, that the imposition of consecutive sentences in this case constitutes cruel and unusual punishment. Because of our holding, infra, regarding the first contention, we need not reach the second contention. But see *Fain v. State,* 165 Ga. App. 188 (4) (300 SE2d 197) (1983).

Defendant's allegation of vindictiveness relates to the court's comments at sentencing regarding his appeal of the judicial suspension of his driver's license for refusing to submit to an intoximeter test. (Defendant's license was actually suspended as a condition of probation in regard to a second traffic violation. *Brock v. State,* 165 Ga. App. 150 (299 SE2d 71) (1983)). Subsequent to the filing of this appeal, the trial court vacated its sentence and imposed a twelve-month sentence on the obstruction of an officer count, with no sentence on the other count. As defendant points out, however, the trial court lacked jurisdiction to modify the sentence once the notice of appeal was filed. *Cohran v. Carlin,* 249 Ga. 510 (291 SE2d 538) (1982). The order vacating the original sentence and imposing a more lenient one is therefore " ' *coram non judice* and void.' " Id. at 511, quoting from *Howard v. Lowell Machine Co.,* 75 Ga. 325 (1885).

At the sentencing hearing, the trial court commented on defendant's juvenile record (but stated that it would not be considered against him), his "atrocious" adult criminal record and then the assertedly frivolous appeal. "Although we will not presume error in sentencing, [cit.], we require some assurance from a fair reading of the record that error was not in fact committed. [Cit.]" *Chambley v. State,* 163 Ga. App. 502, 505-06 (3) (295 SE2d 166) (1982). Since it appears that the sentence was impermissibly based in part upon defendant's exercise of his right to appeal (see generally North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969)), the sentence must be vacated and the case remanded for resentencing without consideration of the appeal.

*Sentence vacated and case remanded. Quillian, P. J., and Sognier, J., concur.*

Decided May 17, 1983.

*Kennedy R. Packer,* for appellant.
*Ken Stula, Solicitor,* for appellee.