70720, 70721. J. M. CLAYTON COMPANY v. MARTIN
(two cases).
(339 SE2d 280)

BENHAM, Judge.

Appellee Martin's employment with appellant J. M. Clayton Company was terminated on January 9, 1984. On March 14, 1983, nearly ten months before appellee was relieved of his duties, he, appellant, and the other shareholders of appellant entered into an agreement in which appellant agreed to purchase Martin's 84 shares in the company at "book value" within 90 days of Martin's death or the termination of his employment. Contending that appellant failed and refused to perform as promised, appellee filed suit against appellant. In Count 1 of his complaint, appellee sought damages for the alleged breach of contract; in Count 2, he claimed appellant owed him salary from the previous year; and in Count 3, he asserted a claim for salary allegedly due him for the nine days of his employment in 1984. Finally, in Count 4, appellee alleged he was wrongfully terminated from his positions as corporate secretary and a member of the company's board of directors. The trial court granted appellee summary

judgment on Counts 1 and 3 and awarded him damages, and denied summary judgment to appellant. This appeal followed.

1. The trial court's order granting partial summary judgment to appellee was entered on February 20, 1985. Appellant filed a notice of appeal and paid the accrued costs on March 8, 1985. On March 14, the trial court amended its February 20 order to include awards of monetary damages in each of the two counts in which summary judgment had been granted. The costs of preparing the appellate record were paid by appellant on March 19. Appellant maintains the trial court was not empowered to amend the judgment entered on February 20, because the filing of the notice of appeal on March 8 and the payment of costs accrued as of that time acted as a supersedeas, depriving the trial court of the power to affect the judgment from which the appeal was taken. See *Jackson v. Martin*, 225 Ga. 170 (2b) (167 SE2d 135) (1969); *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525 (2) (258 SE2d 139) (1979). Citing *Smith v. Bruce*, 241 Ga. 133 (14) (244 SE2d 559) (1978), appellee argues that the notice of appeal did not act as a supersedeas until March 19, 1985, the date the costs of preparing the appeal were paid in the trial court, and notes that the amendment to the trial court's judgment preceded the payment of those costs.

"Under [OCGA § 5-6-46 (a)], a notice of appeal shall serve as a supersedeas upon payment of all *trial* costs by the appellant." *Henson & Henson, P. C. v. Myszka*, 160 Ga. App. 135 (2) (286 SE2d 456) (1981). (Emphasis supplied.) Appellant paid all the trial costs on March 8; only the costs of appeal preparation were paid on March 19. Since on March 9, 1985, a notice of appeal had been filed and the appropriate costs paid, the trial court was without authority to modify the judgment then on appeal. See *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982). Since the order entered March 14, 1985, affected the February 20, 1985, judgment then on appeal, it was "coram non judice and void." *Brock v. State*, 166 Ga. App. 649 (305 SE2d 180) (1983). The amendment of March 14 must, therefore, be vacated.

2. Concerning the judgment entered February 20, appellant maintains error was committed when the trial court granted appellee summary judgment on the breach of contract claim, and denied appellant's motion for summary judgment on that claim.

In the March 14, 1983, document, appellant and appellee agreed that "in the event that Martin is fired from his employment with the Company . . . , the Company shall be obligated to purchase his Class 'A' shares in the Company for cash at their 'book value' as finally determined under this agreement, which shall be paid not later than ninety (90) days following the . . . discharge of Martin." A separate paragraph in the document provided that the "book value" of the

shares was to be determined by dividing the company's net worth as shown as of December 31, 1982, on the balance sheet prepared by a certain firm of certified public accountants by the total number of outstanding shares. However, in October 1983, appellant and two other shareholders who were parties to the March 14 agreement expressed disenchantment with the chosen accounting firm and negotiated among themselves a book value of $1,130.95 per share. Martin, as secretary of the company, signed the October documents as an attestor.

Ten days after Martin was fired, appellant's president stated in a letter to Martin that appellant would purchase Martin's 84 shares "for cash in the amount of $1,130.95 per share on April 8, 1984, the 90th day following termination." Appellee replied on January 26, 1984, that he would accept the sum offered and allow the company to avoid the expense of an inventory, audit, and financial review "as required by the Agreement of March 14, 1983," if the company acceded to several additional demands appellee had. If his proposal was not acceptable to appellant, appellee informed appellant he wished to review the company's books and records, to inventory the company's tangible assets, and to have an audit performed to ascertain the value of his shares. Appellant declined appellee's proposal and stated that it viewed itself as having complied with the March 14 agreement since it had offered to purchase the shares in conformity with the agreement and appellee had rejected the offer.

Appellant's motion for summary judgment and its opposition to appellee's motion are premised on the proposition that appellee's letter of January 26, 1984, constituted an anticipatory repudiation of the March 14, 1983 agreement relieving appellant of its obligation to perform.

"[T]he 'anticipatory repudiation' of a contract occurs when one party thereto repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract . . . Thus when one party to a bilateral contract of mutual dependent promises *absolutely* refuses to perform and repudiates the contract prior to the time of his performance, the innocent party is at liberty to consider himself absolved from any future performance on his part. . . ." *CCE Fed. Credit Union v. Chesser*, 150 Ga. App. 328 (1) (258 SE2d 2) (1979). (Emphasis supplied.) "The breach which will form the basis for [an anticipatory breach of contract] action is an *unqualified* repudiation of the entire contract prior to the time for performance." *Continental Cas. Co. v. Stephenson*, 112 Ga. App. 666 (2) (145 SE2d 825) (1965). (Emphasis supplied.) Appellee's letter of January 26, 1984, did not constitute an anticipatory repudiation of the March 14 agreement since it was not an unqualified, absolute refusal to perform. Instead, through it, appellee proposed to vary the

terms of the contract but agreed to be bound by the contract if the variations were not acceptable to appellant. "A willingness to negotiate an offer of performance at variance with the terms of the agreement demonstrates the offering party's intention to abide by the contract and does not result in an anticipatory breach. [Cits.]" *Pacific Coast Engineering v. Merritt-Chapman &c. Corp.*, 411 F2d 889, 895 (9th Cir. 1969). Since appellee's letter did not constitute an anticipatory breach of the March 14 agreement and since that was appellant's only defense to its refusal to act pursuant to the March 14 document, it was not error to deny appellant summary judgment on that count and to grant summary judgment to appellee.

3. The trial court also granted summary judgment to appellee on his claim for salary for nine days in 1984 (Count 3). Appellant admitted it owed appellee the money, so no harm resulted from the grant of summary judgment in favor of appellee. In order to constitute reversible error, there must be harm. See *Ray v. Parcel Delivery Co.*, 155 Ga. App. 531 (2) (271 SE2d 670) (1980).

4. Appellant also takes issue with the trial court's denial of its motion for summary judgment as it pertained to Counts 2 and 4 of the complaint. In Count 2, appellee claimed entitlement to 1983 salary which he alleged was to have been paid in 1984 in accordance with corporate policy. Appellant maintains that appellee was seeking a bonus which cannot be allowed under *Medlin v. Globe Continental Corp.*, 171 Ga. App. 103 (318 SE2d 807) (1984). In *Medlin*, this court found the employee's claim to a bonus to be unsupported by the evidence. While Medlin claimed his original oral contract of employment included an agreement that he would receive a reasonable bonus from profits, he received only one bonus in the 13 years he was employed by the company. In the case at bar, however, appellee presented evidence of a number of corporate resolutions authorizing payment of "additional salaries" to the officers of the corporation, payable in the following year. Inasmuch as a continued course of dealing may suggest an implied contract (see *Empire Box, Inc. v. Moore*, 87 Ga. App. 57, 66 (73 SE2d 63) (1952)), there was no error in denying appellant summary judgment on this count of appellee's complaint.

5. The trial court also denied summary judgment to appellant on Count 4, in which appellee claimed to have been wrongfully discharged from his positions as corporate secretary and member of the company's board of directors.

By a letter dated January 23, 1984, appellee was informed of a special shareholder meeting to be held on January 31 to formally remove him from appellee's board of directors. Corporate minutes reflect that appellee was removed as a member of the board of directors at the January 31 shareholder meeting, and removed from his position as secretary of appellant at a board of directors' meeting held on

the same day.

Special shareholder meetings may be held (OCGA § 14-2-112 (c)), but written notice thereof must be delivered or mailed to each shareholder "not less than ten nor more than 50 days before the date of the meeting. . . ." OCGA § 14-2-113 (a). Appellee's removal from the board of directors was accomplished at a meeting, the notice of which was not statutorily timely. Therefore, appellee's removal from the board of directors was not properly accomplished.

Insofar as appellee's removal as secretary is concerned, the statute governing such a move refers us to the corporate bylaws to determine whether a corporate officer may be removed by the shareholders or the board of directors. OCGA § 14-2-151. Although the record before us contains no such bylaws, appellee alleged and appellant admitted in pleadings that appellee could be removed from his office only by the board of directors. Since appellee was improperly removed from the board prior to the board's removal of him as secretary, it stands to reason that appellee was improperly not permitted to participate in the board's decision, placing a cloud over the board's decision. Since a genuine issue of material fact remained and there was no showing that appellant was entitled to judgment as a matter of law, summary judgment was properly denied appellant. OCGA § 9-11-56 (c). However, we do question whether appellee has an adequate remedy at law for the deprivation of his positions as secretary and board member since the loss of these positions is not compensable in damages. See *Sherrer v. Hale*, 248 Ga. 793, 798 (285 SE2d 714) (1982).

6. Appellee alleged stubborn litigiousness on the part of appellant and sought award of attorney fees and the expenses of litigation in each count. See OCGA § 13-6-11. Appellant now questions the trial court's denial of its motion for summary judgment on the issue of the attorney fees and litigation expenses. However, "[t]he intent of the law . . . is to leave the matter of expenses . . . to the jury trying the case. [Cit.]" *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 687 (285 SE2d 58) (1981). The trial court did not err in denying summary judgment to appellant on this issue.

7. Appellee's motion for damages for frivolous appeal pursuant to OCGA § 5-6-6 is denied in light of the vacation in part of the judgment rendered in the court below.

*Judgment affirmed in Case No. 70720. Judgment vacated and case remanded in Case No. 70721. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 12, 1985 —
REHEARING DENIED DECEMBER 16, 1985 —

*Ronald Barfield,* for appellant.
*Timothy D. Chambers, John W. Chambers, Sr., John W. Chambers, Jr.,* for appellee.