71988. CLARK v. COX et al.
71989. CLARK v. SPRATLIN REALTY, INC.
(347 SE2d 4)

BENHAM, Judge.

Appellant Clark entered into a real estate sales contract to purchase real property from appellees Cox. Appellee Spratlin Realty, Inc., served as the real estate broker in the transaction. After appellant refused to close the purchase, appellees Cox filed suit against appellant for damages allegedly incurred as a result of appellant's refusal to close. Appellee Spratlin Realty brought suit against appellant, seeking brokerage commissions allegedly earned under the real estate sales contract. These appeals follow the grants of summary judgment to appellees and the issuance of money judgments in their favor. We affirm.

1. Under the terms of the contract, the sellers warranted that the premises would be in the same condition at the time of closing as they were on the date of the contract, and guaranteed that the heating, air conditioning, plumbing, and electrical systems would be in normal operating condition at the time of closing. After inspecting the premises once and submitting a list of repairs to be made by appellees Cox, appellant reinspected the property the day before the scheduled closing. At that time he found the yard to be overgrown and "a pigsty"; the carpeting soiled; water in the basement and on a portion of the main floor; debris in the basement and yard; and a non-functioning outside water faucet. Appellant informed the real estate agent "there was no way that the items could be remedied and since they could not, that [he] would not close, and that was predicated on the fact that [he had] found so many problems on the afternoon [of the day

before the scheduled closing]. . . ." True to his word, appellant did not appear at the scheduled closing the next morning.

When appellant repudiated his contractual obligation to perform prior to the time performance was required, an anticipatory repudiation of the contract occurred, forming the basis of appellees' breach of contract action. *J. M. Clayton Co. v. Martin*, 177 Ga. App. 228 (2) (339 SE2d 280) (1985). Appellant's anticipatory repudiation of the contract absolved the Coxes from remedying the situations of which appellant complained. Id. Since the evidence of appellant's anticipatory repudiation is undisputed, the trial court did not err in granting summary judgment to the Coxes and denying appellant's motion for summary judgment.

2. The real estate contract on which appellee broker was also a signatory contained a provision in which the appellant agreed he would pay the broker its full commission should appellant fail or refuse to perform any of his covenants. Appellant's anticipatory repudiation of the contract constituted a refusal to perform his part of the contract and rendered him contractually liable for the broker's commission. The money judgment in favor of appellee Spratlin Realty was correctly reduced by the sum of one-half of the earnest money, in accordance with the contract. Compare *Suttle v. Northside Realty Assoc.*, 171 Ga. App. 928 (4) (321 SE2d 424) (1984).

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986.

*John Walton Henderson, Jr., H. Brian Sams*, for appellant.
*C. Glenn Stanford*, for appellees.