### 72432. McGUIRE et al. v. NORRIS et al.
(349 SE2d 261)

BENHAM, Judge.

Appellants entered into a contract to purchase real estate and the existing business situated thereon from appellee Floyd who was acting as the executrix of her mother's estate. Appellee Norris, Floyd's brother and a real estate broker, wrote the sales contract and acted on behalf of his sister. Through the contract appellee Floyd acknowledged receipt of $2,500 earnest money from appellants, and the parties, agreeing that time was of the essence, stipulated that the sale was to be closed on or before May 1, 1985. The sale between the parties was never closed and appellee Floyd subsequently sold the property and business to another. Appellants filed suit seeking the return of their earnest money and appellees counterclaimed for damages they allegedly suffered due to the failure to close the deal with appellants. A bench trial resulted in the denial of the relief sought by appellants, and they now appeal.

1. In their first enumerated error, appellants claim that the judgment entered was not supported by the evidence.

From the evidence of record, the trial court was authorized to find and did find that, prior to the May 1 deadline, Mrs. McGuire verbally registered her objection to Norris that the property was not zoned for the business. Even though the seller was in no way contractually obligated to ensure proper zoning of the property, Norris immediately undertook to correct the zoning problem and informed appellants it would be corrected at the next city council meeting, May 8. The trial court held that the parties, in effect, extended the closing deadline of May 1 to May 8. On May 4, Mrs. McGuire informed Norris that due to her husband's ill health, they were unable to go through with the purchase of the property and business. The trial court held that the McGuires thereby breached the contract and for-

feited the earnest money. After considering appellees' counterclaim, the court found neither appellee entitled to damages because payments made by them to improve and maintain the property were strictly voluntary in nature. However, the trial court did allow appellees to keep the $2,500 earnest money.

The real estate contract executed by the McGuires and Ms. Floyd provided that the earnest money was to be applied as part payment of the purchase price. If the seller breached the contract, the earnest money would be returned to the purchasers if they so desired; if, on the other hand, the purchasers were the breaching party, a maximum of one-half of the earnest money was to be applied to the broker's commission, and the balance of the earnest money was to go to the seller as liquidated damages. Thus, entitlement to the earnest money hinges upon who breached the contract. The trial court found appellants to be the breaching party when, after the contract had been extended by the parties, Mrs. McGuire informed Norris on May 4 that her husband's ill health would prevent their purchase of the property and business. Appellants maintain this conclusion is in error since a contract for the sale of land cannot be modified by a subsequent parol agreement. "Where the law requires a contract to be in writing, under the decisions of [the Georgia Supreme Court] it cannot be modified by a binding parol contract. But strict performance as to time may be waived by parol, at least if made before default, and relied on by the other party." *Perry Dev. Corp. v. Colonial Contracting Co.*, 231 Ga. 666 (4) (203 SE2d 475) (1974). In essence, the trial court found an oral waiver of the May 1 closing deadline and an extension of that deadline to May 8. When Mrs. McGuire informed Norris on May 4 that appellants would not close the purchase, appellants repudiated the contract, relieving Ms. Floyd of her obligation to perform. See *J. M. Clayton Co. v. Martin*, 177 Ga. App. 228 (2) (339 SE2d 280) (1985). Thus, the trial court was correct when it concluded that appellants/purchasers breached the contract for the sale of real estate and the ongoing business. According to the contract, upon breach by the purchaser, the broker was entitled to keep up to one-half of the earnest money as his commission, with the balance of the earnest money to be retained by the seller as liquidated damages. Inasmuch as there was no broker entitled to a commission in the case at bar, the seller was entitled to keep the balance of the earnest money, i.e., all of the earnest money, as liquidated damages pursuant to the contract. Since the parties agreed to the damages for breach of the contract, the damages were liquidated (*Gibson v. Sheriff*, 155 Ga. App. 578 (271 SE2d 710) (1980)), and Ms. Floyd was entitled to a judgment without putting on evidence of damages. OCGA § 9-11-55 (a); *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506 (7) (305 SE2d 14) (1983).

2. Appellants complain that the trial court failed to rule that appellee Norris was a party to the contract and as such was required to disclose in writing that he was a licensed real estate broker. Pretermitting any discussion of the merit of appellees' position is the fact that the record "discloses no ruling by the court . . . except to hold it in abeyance. It was the duty of counsel to invoke a final ruling on his [objection], and his failure to do so precludes our review . . . on appeal. [Cits.]" *Bautz v. Best*, 170 Ga. App. 219 (4) (316 SE2d 589) (1984).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 22, 1986.

*William R. Moody, Jr.*, for appellants.
*Charles J. Reich*, for appellees.