74669. MARTIN v. J. M. CLAYTON COMPANY.
(361 SE2d 385)

SOGNIER, Judge.

Charles H. Martin filed a four-count complaint against J. M. Clayton Company (Clayton), seeking damages arising from his termination from positions as an officer and director of the corporation. The trial court granted Clayton's motion for summary judgment as to Count 4 of the complaint, and Martin appeals.

In a previous appearance before this court, *J. M. Clayton Co. v. Martin*, 177 Ga. App. 228 (339 SE2d 280) (1985), we affirmed the trial court's denial of summary judgment to Clayton as to Count 4, in which Martin sought nonspecific damages generally attributable to his loss of the corporate positions, on the basis that Martin had been improperly excluded from participating in the board of directors' decision to terminate him, in contravention of the corporate bylaws, thereby "placing a cloud over the board's decision." Id. at 232 (5).

The record presented in this appeal reveals that in response to our decision in *J. M. Clayton Co.*, supra, the corporation called special meetings of the board of directors and shareholders, properly including Martin, at which the previous (improper) actions terminating Martin were "ratified" and thus legitimized; appellee thereupon renewed its motion for summary judgment as to Count 4 of appellant's complaint. Appellant responded by amending his complaint, striking

the original paragraph 37, which had alleged appellant's termination "was done with the intent of attempting to deprive [appellant] of various claims and rights to which he [was] entitled as a shareholder, director, and officer of [appellee]," and that portion of the *ad damnum* clause which sought $50,000 in actual damages. As amended, the complaint alleged appellant received a base salary of $21,000 per year, plus an "additional salary" of approximately $15,000 for his services, and sought to recover that portion of the compensation due appellant from the date he was improperly terminated to the date the termination was ratified, some two years and four months later.

Appellant contends the trial court erred by granting summary judgment to appellee because appellant was entitled to recover his salary and other remuneration for the interim period between his improper termination and the proper ratification of that termination. We agree and reverse. "While there is not an abundance of discussion on this point, existing authorities appear to be in accord that the 'ratification' of the illegal firing of an officer does not operate to deprive the officer of his salary from the date of the illegal firing to the time of ratification. [Cits.]" *McCreery v. RSA Mgt.*, 249 Ga. 43, 45 (2) (287 SE2d 203) (1982). *Sherrer v. Hale*, 248 Ga. 793 (285 SE2d 714) (1982), cited by appellee for the contrary view, is inapposite, in that in *Sherrer*, the Supreme Court focused on whether there existed a remedy for the ousted corporate officer's loss of position and consequent lack of influence over the future direction of the corporation. For the same reason, appellee's reliance on dicta in *J. M. Clayton Co.*, supra, is misplaced. Our statement questioning "whether [appellant] has an adequate remedy at law for the deprivation of his positions as secretary and board member since the loss of these positions is not compensable in damages [cit.]," 177 Ga. App. at 232 (5), was made before appellant amended his complaint to seek the damages we have determined above are specifically authorized under *McCreery*, supra. Thus our reliance on *Sherrer* in our earlier opinion was entirely appropriate there. After amending his complaint, appellant sought damages which are clearly recoverable as a matter of law. Since issues of fact remain for resolution, it was error for the trial court to grant summary judgment in favor of appellee. See generally *Herrli Homes v. Roon*, 175 Ga. App. 85, 86 (2) (332 SE2d 379) (1985).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 22, 1987 — 

*Timothy D. Chambers,* for appellant.

*Ronald Barfield, James T. McDonald, Jr.*, for appellee.