45259. COFFEE BUTLER SERVICE, INC. et al. v. SACHA.

(366 SE2d 292)

GREGORY, Justice.

James Sacha, appellee, was the sole stockholder of Early Bird Coffee Service, Inc. a business providing coffee services to office accounts in the metropolitan Atlanta area. Thomas E. Williams and H. Steve Swink are the primary shareholders and officers of Coffee Butler Service, Inc., a nationwide office coffee service. Williams and Swink are also the principals in Office Coffee Associates, I, a partnership.

November 1, 1984 Early Bird Coffee Service, Inc. merged with Coffee Butler Service, Inc. To effectuate the merger, the following agreements were entered into: 1) Agreement and Plan of Merger, 2) Employment Agreement, 3) Stock Purchase, Put and Call Option Agreement, 4) Consultant Retention Agreement, 5) Business Transfer Agreement, and 6) Guaranty of Payment.

Sacha began his employment with Coffee Butler Service, Inc. November 1, 1984. On August 21, 1985 Sacha was terminated purportedly because he retained six customer accounts and serviced those accounts himself, falsified expense reports, and told Coffee Butler Service employees he was entering a hospital for tests when in fact he took a vacation.

After his termination, Sacha activated the Stock Purchase Agreement under which Office Coffee Associates, I, agreed to purchase Sacha's stock in Coffee Butler Service, Inc. for $100,000. Appellants honored the Stock Purchase Agreement.

Sacha then activated the Consultant Retention Agreement, a contract whereby Office Coffee Associates, I, agreed to cause Coffee Butler Service, Inc. to engage the services of Sacha, as a consultant for a period of ten years commencing upon termination of the employment agreement or upon exercise of the Stock Purchase Agreement. His compensation for consultation was set on a sliding scale from $400,000 to $943,179 depending upon the date of commencement. In the event Coffee Butler Service, Inc. failed to engage Sacha, Office Coffee Associates, I, would engage him under the same terms.

Appellants refused to honor the consulting agreement claiming that the misconduct that led to Sacha's termination disqualified him from serving as a consultant.

Appellants sued Sacha seeking damages for failure to transfer all assets to Coffee Butler Service, Inc., post-merger competition with Coffee Butler Service, Inc. in violation of the Employment Agreement and for falsifying expense reports. They also sought to have the court declare there was an anticipatory breach of the Consultant Retention Agreement. Sacha counterclaimed, *inter alia*, for slander and breach of the consulting agreement.

1. All parties moved for summary judgment on the Consultant Retention Agreement. The trial court granted Sacha's motion for summary judgment and denied appellants' motion. Appellants contend Sacha anticipatorily repudiated the consulting agreement by virtue of the purported misconduct which led to termination of the employment agreement. We cannot agree.

> (T)he "anticipatory repudiation" of a contract occurs when one party thereto repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract . . . Thus when one party to a bilateral contract of mutual dependent promises *absolutely* refuses to perform and repudiates the contract prior to the time of his performance, the innocent party is at liberty to consider himself absolved from any future performance on his part . . . The breach which will form the basis for (an anticipatory breach of contract) action is an *unqualified* repudiation of the entire contract prior to the time for performance.

*J. M. Clayton Co. v. Martin*, 177 Ga. App. 228, 230 (339 SE2d 280) (1985).
See Corbin on Contracts, § 973, p. 905 (1951).

Appellants have cited several cases concerning the duty of good faith and fair dealing in the fulfillment of contractual obligations. For example, in *Wing v. Flournoy & Kernaghan*, 24 Ga. App. 652 (101 SE 811) (1920) the court stated

> [w]hen one employed for a definite time becomes secretly engaged in a business which necessarily renders him a competitor and rival of his employer, he has an interest against his duty, and may be summarily dismissed. Such a dismissed employee cannot recover from his employer upon an allegation that the employer violated the terms of employment by discharging him without cause and without notice.

194

Those cases, however, do not control the issue of the Consultant Retention Agreement presented in this case. The question here concerns the alleged anticipatory repudiation of the consulting contract rather than the rights attendant upon termination of an employment agreement. The record is without evidence of an unqualified repudiation of the consulting agreement by Sacha. While Coffee Butler Service, Inc. may seek appropriate relief in the trial court for damages arising from Sacha's alleged misconduct, those circumstances do not constitute an anticipatory breach of the consulting agreement, and hence cannot demand summary judgment against Sacha.

Further, we note that Sacha entered the Employment Agreement with Coffee Butler Service, Inc. while the Consultant Retention Agreement was with Office Coffee Associates, I. Since the Employment Agreement and Consultant Retention Agreement were with separate entities, the breach of one is less likely to result in an anticipatory breach of the other than would be the case if the two agreements were with a single entity.

2. Appellants have enumerated as error the denial of their motion in limine to exclude parol evidence. We decline to reach this issue because it is unclear what evidence appellee intends to offer. In order to preserve this issue appellants should object at the time of trial to the precise evidence they wish to exclude and elicit a ruling from the trial court.

3. We have examined appellants' other enumerations of error and find them meritless.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 7, 1988 —
RECONSIDERATION DENIED APRIL 27, 1988.

*L. Spencer Gandy, Jr.,* for appellants.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., John P. MacNaughton, C. David Hailey,* for appellee.