A91A0800. McLEOD v. McLATCHER et al.
(410 SE2d 144)

ANDREWS, Judge.

Charles McLeod entered into a contract to purchase real estate from the McLatchers. In the written sales contract, which had been signed by both parties by March 6, 1990, the parties set April 30, 1990 as the closing date. The contract contained a provision which required the seller to provide a termite infestation report to the purchaser at closing. The contract also contained a clause which allowed McLeod to request the McLatchers to repair problems with the house's systems at any time prior to closing. An additional clause regarding structural inspections provided: "Purchaser shall have the right to make a thorough, structural inspection of the property at his expense, within seven days of the signing of this contract and shall, within this seven day period, notify Seller or his authorized agent, in writing, of any structural defects revealed by such inspection. Upon

receipt of such notice, Seller shall (a) immediately cause such defects to be corrected or (b) immediately sign a letter of agreement that such defects will be corrected prior to closing or (c) declare this contract null and void. This provision, however, shall not effect the terms of Special Stipulation #3, herein, related to systems and appliances. Purchaser warrants that he shall make no further claims or assertions based upon the condition of the property. This provision shall survive the closing and the delivery of the warranty deed. If the Purchaser does not make such inspection and does not give any written notice of any such defects then he expressly accepts property in 'AS IS' condition."

Prior to the expiration of the seven-day inspection period, the real estate agent sent McLeod a letter in which she stated that two days remained within which to inspect the property. Although McLeod conducted two separate inspections of the property during the seven-day period, he admitted at his deposition that he did not conduct a thorough inspection within the stated time period.

On April 16, 1990, 41 days after the contract was entered into, McLeod sent the McLatchers a letter in which he outlined 15 problems, most of which were structural, with the house. In the letter McLeod stated: "Until I get a comfortable feeling, I must at this time decline the purchase of this home. . . ."

The McLatchers scheduled a meeting on April 22 to address the problems McLeod had raised, but McLeod failed to attend the meeting. On April 25, McLeod sent a second letter in which he reiterated his intention to rescind the sales contract. Because McLeod had announced his unwillingness to consummate the sale, the scheduled closing on April 30 did not occur.

The McLatchers filed a Complaint against McLeod for breach of contract and moved for summary judgment. The trial court granted the motion on the issue of liability; it is from this partial grant of summary judgment that McLeod appeals.

McLeod argues that his April 16 letter regarding the inspection was a proper rescission of the contract. McLeod's argument fails in that there was no nonperformance of covenants by the McLatchers which would constitute grounds for rescission. See generally *CCE Fed. Credit Union v. Chesser*, 150 Ga. App. 328 (1) (258 SE2d 2) (1979). The right to rescind or terminate a contract on the ground of failure of performance by an opposite party belongs only to a party who is free from substantial default himself. See *Martin v. Rollins, Inc.*, 138 Ga. App. 649 (226 SE2d 771) (1976), aff'd 238 Ga. 119 (231 SE2d 751) (1977). Here, McLeod failed to comply with the seven-day structural inspection provision of the contract and then failed to address the structural problems his tardy inspection revealed in the manner mandated by the contract. Further, McLeod did not afford

the McLatchers an opportunity to address his concerns and demonstrated no willingness to negotiate. See *J. M. Clayton Co. v. Martin*, 177 Ga. App. 228 (2) (339 SE2d 280) (1985). Because he did not substantially comply with the contract, McLeod's attempted rescission was ineffective and his repudiation of the contract constituted an anticipatory breach thereof. See *J. M. Clayton Co.*, supra.

In his second argument, McLeod claims that he did not breach the contract since the McLatchers did not fulfill their reciprocal obligations under the contract's termite inspection clause in that they did not provide a termite letter. This argument is also without merit.

The contract provision concerning the termite letter plainly stated that at the time of closing the Seller would provide the Purchaser with a report certifying that the structure was free of wood infestation. Further, the contract stated that the "inspection referred to in such report shall have been made within thirty days prior to closing." Because the termite report was not due until the scheduled closing date, which was after McLeod's repudiation of the contract, the McLatchers were under no obligation to produce a termite letter. See generally *McGuire v. Norris*, 180 Ga. App. 383 (1) (349 SE2d 261) (1986).

"The anticipatory repudiation of a contract occurs when one party thereto repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract." (Citations and internal quotation marks omitted.) *J. M. Clayton Co.*, supra at 230; *Coffee Butler Svc. v. Sacha*, 258 Ga. 192 (366 SE2d 672) (1988). "When appellant repudiated his contractual obligation to perform prior to the time performance was required, an anticipatory repudiation of the contract occurred, forming the basis of appellees' breach of contract action." [Cit.] *Clark v. Cox*, 179 Ga. App. 437, 438 (347 SE2d 4) (1986). Here, McLeod's anticipatory repudiation absolved the McLatchers from providing the termite letter and he cannot rely upon their failure to produce this document as justification for his actions.

Accordingly, the grant of summary judgment to the McLatchers was proper.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

Decided September 3, 1991.

*O. Wayne Ellerbee*, for appellant.

*Dodd & Turner, Roger J. Dodd, L. Warren Turner, Jr.*, for appellees.