## A92A2182. JONES v. SOLOMON.
(428 SE2d 637)

BLACKBURN, Judge.

The appellee, Dr. Emmanuel Solomon, brought a suit based upon the breach of an employment contract against Dr. J. Gregory Jones, the appellant, and sought a declaratory judgment on a covenant not to compete contained in the employment contract. The appellant responded, asserting several defenses and a counterclaim. After discovery was commenced, the appellant moved for summary judgment and the trial court denied the motion. Following a bench trial, the court found that the appellee's actions and statements at and about the time that he received notice of his termination did not constitute an anticipatory repudiation of the contract. In addition, the trial court found that the appellant's termination of the appellee was in violation of the employment agreement and warranted the payment to the appellee of $15,610 in damages. On appeal, the appellant asserts that the trial court erred in failing to find that the appellee's actions constituted an anticipatory repudiation of the employment contract.

The evidence is undisputed that the appellee began working with the appellant in a practice known as Associates of Ophthalmology on September 1, 1989, pursuant to an agreement executed by the parties on August 4, 1989. The contract at issue provided that employment between the parties would continue for a period of a year and at the end of such year, the contract would renew automatically unless earlier terminated. Either party could terminate the agreement upon 90 days written notice or at any time by mutual written agreement. Paragraph 15 of the agreement contained a "Covenant Not To Compete" clause, specifically providing that upon leaving the practice, the appellee "agree[d] not to practice ophthalmology within Bibb County, Georgia for a period of two (2) years from the date of his termination." According to the contract, the appellant retained the right to seek an injunction, monetary damages, and other appropriate relief for appellee's breach of the covenant. The parties stipulated to the validity of the covenant at trial.

The appellee practiced medicine with Associates of Ophthalmology pursuant to the contractual agreement until August 1990, at which time the parties were unable to reach an agreement as to the appellee's salary. On August 20, 1990, the parties met and the appellant provided the appellee with 90 days written notice of his intent to terminate the employment relationship based upon the appellant's inability to pay the appellee the salary and bonus that the appellee was expecting. During the meeting, the appellee discussed with the appellant the possibility of working in the Bibb County area and requested that the appellant waive the covenant not to compete. The appellant indicated that he would think about it.

On August 22, 1990, the appellee discussed the possibility of working in the Bibb County area with Damon King, the president and chief executive officer of the Medical Center of Central Georgia which is located in Bibb County. The appellee informed Mr. King of the covenant not to compete clause contained in the employment contract and stated that he thought that the appellant would waive it. The appellee did not have any further discussions with the hospital president about the possibility of employment with the hospital. On August 27, 1990, the appellee discussed the possibility of establishing a medical practice with medical offices located in an adjoining county. Later that same day, the appellant delivered another letter to the appellee and indicated that he would abide by all of the terms of the contract, including the covenant not to compete. He further requested that the appellee sign a form acknowledging the terms of the contract, particularly the covenant not to compete. The appellant had been informed that the appellee had discussed the possibility of employment in the Bibb County area. During the conversation, the appellee stated that he questioned the validity of the covenant while the appellant maintained that the covenant was valid.

In a letter of August 29, 1990, the appellee informed the appellant of his intention to complete the 90-day termination period. Upon his receipt of the letter, the appellant telephoned the appellee and asked him of his intentions. The appellee responded that he wanted to keep his options open. On August 31, 1990, the appellant terminated the appellee effective on that day pursuant to the provision of the contract governing immoral or unethical conduct, because the appellee was injuring the reputation of the practice by setting up a competing practice and by diverting existing patients from the practice. The appellant informed the appellee that he was not entitled to any further salary or fees. The appellee subsequently opened a practice in an adjoining county. Based upon the appellant's failure to pay the appellee for 60 days of the 90-day termination period and failure to reimburse the appellee for continuing education expense incurred before the appellee's termination, this action ensued.

1. In his first enumeration of error, the appellant contends that the trial court erred as a matter of law by failing to find that the actions and statements of the appellee after the appellee was provided 90 days notice of the termination of the employment contract constituted an anticipatory repudiation of the contract. We disagree.

"(T)he 'anticipatory repudiation' of a contract occurs when one party thereto repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract[.]. . . Thus when one party to a bilateral contract of mutual dependent promises *absolutely* refuses to perform and repudiates the contract prior to the time of his performance, the innocent party is at

liberty to consider himself absolved from any future performance on his part[.]. . . The breach which will form the basis for (an anticipatory breach of contract) action is an *unqualified* repudiation of the entire contract prior to the time for performance. [Cits.]" *Coffee Butler Svc. v. Sacha*, 258 Ga. 192, 193 (366 SE2d 672) (1988). It is a question for the trier of fact as to whether any action of one party is sufficient to constitute a repudiation of the contract and amount to an anticipatory breach. *Esquire Carpet Mills v. Kennesaw Transp.*, 186 Ga. App. 367, 370 (3) (367 SE2d 569) (1988).

We agree with the trial court that the statements and actions of the appellee after his receipt of his notice of termination did not constitute an anticipatory repudiation of the contract between the parties. The record is devoid of any evidence of an unqualified repudiation of the entire contract by the appellee. Although the appellee discussed the possibility of working in the Bibb County area with the president of a Bibb County hospital after he was informed by appellant of the appellant's intention of terminating the contractual relationship, the appellee did not pursue any additional conversation with the administrator after the initial meeting of August 22, 1990. In addition, the appellant admitted at trial that the appellee did not say that he was going to open up a practice in Bibb County immediately after his termination, but merely indicated that he was going to keep his options open. On the contrary, the appellee indicated in his letter of August 29, 1990, that he intended to complete his 90-day termination period in a professional and courteous manner, and merely suggested that the appellant waive the covenant not to compete clause contained in the contract. " 'A willingness to negotiate an offer of performance at variance with the terms of the agreement demonstrates the offering party's intention to abide by the contract and does not result in an anticipatory breach. [Cits.]' [Cit.]" *J. M. Clayton Co. v. Martin*, 177 Ga. App. 228, 231 (2) (339 SE2d 280) (1985).

We conclude that the trial court properly found that the statements and actions of the appellee after his receipt of notice of termination did not constitute an anticipatory repudiation of the contract. Consequently, this enumeration is without merit.

2. In his second enumeration of error, the appellant contends that the trial court erred as a matter of law by failing to find that the appellee's failure to give the appellant adequate assurance of his intention to comply with the covenant not to compete constituted an anticipatory breach of the contract. In support of this proposition, the appellant has cited authority that addresses adequate assurance under the Uniform Commercial Code, which governs the sale of goods. We find that these cases are not controlling because the contract at issue involves the sale of services, not goods. Further, assuming arguendo that these cases apply to the facts presented in this

case, we find that this enumeration is likewise without merit. "[I]n order for a party to demand adequate assurance, he must first have 'reasonable grounds for insecurity.'" *SPS Indus. v. Atlantic Steel Co.*, 186 Ga. App. 94, 96-97 (1) (366 SE2d 410) (1988); see also OCGA § 11-2-609 (1). "'Whether in a specific case a [party] has reasonable grounds for insecurity is a question of fact.' [Cit.]" Id. at 97. Reviewing the record, we can find no evidence showing the reasonableness of any insecurity that the appellant may have had. Accordingly, we conclude that the decision of the trial court is without error.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 3, 1993.

*Adams & Hemingway, David A. Garland, David M. Baxter*, for appellant.

*Roy W. Griffis, Jr.*, for appellee.