S97A0942. POWELL v. EMORY UNIVERSITY et al.

(492 SE2d 874)

HINES, Justice.

Powell appeals the grant of partial summary judgment to Emory University on his claims of implied trust and equitable rescission of a gift of land he made to Emory, and the denial of his motion for partial summary judgment on the same issues.

Powell owned a tract of land comprising approximately 25 acres. On September 20, 1990, he initiated a series of conveyances involving himself, his wife, his four adult children, and Emory that resulted in Emory holding title to the property. A certain percentage of Emory's interest in the property was as trustee in connection with a charitable remainder unitrust, another percentage was owned pursuant to a gift annuity agreement, another percentage was owned through deeds of gift, and a final percentage was acquired by purchase in exchange for four promissory notes executed by Emory in favor of Powell's children. Under the gift annuity agreement and the promissory notes, Emory was required to make periodic payments to the Powells and their children, and it is undisputed that it has done so.

At the time of closing on September 20, 1990, the Powells presented Emory with a letter stating it was the Powells' understanding that five specifically listed charities would each receive a designated sum of money "when the property is sold." The designated sums totaled $3,350,000. The letter went on to read:

Since the property valuation by appraisal is $9,380,000, this

designated portion amounts to approximately 35%. When the property sells, we would expect the $3,350,000 figure be adjusted by taking 35% of the sales price and comparing this figure with $3,350,000. Possibly the adjustment, if any, should be made in the Pediatric research portion of the designated gifts. Ultimately, we expect the balance of the sales price be used at the discretion of the administration.

The letter was signed by the Powells, and by Emory's vice president under the description "Acknowledged by." Powell avers he would not have made any conveyance had Emory not signed the letter.

In 1995, Emory developed plans to sell a portion of the land to an apartment home builder and sought to reclassify the property's zoning from commercial to multi-family. Powell objected to the rezoning, asserting it would decrease the value of the land, and he and others filed suit seeking to set aside a rezoning of the property. Emory and the buyer moved to dismiss for lack of standing. Powell then amended the complaint to include counts solely against Emory, asserting that the planned sale and other acts Emory planned, violated the terms of the letter agreement of September 20, 1990.

Emory moved for partial summary judgment on two counts in the complaint, which the court granted. No portion of the property has been sold.

1. Powell contends the purpose of the transaction was to benefit the charities he designated in the amounts he designated. The only document referring to the charities, or to any action to be taken by Emory upon sale of the property, is the letter of September 20, 1990. Although the letter does not so specify, there is no dispute that the specified gifts are to be made from the proceeds of any sale.

Powell argues that under these circumstances, OCGA § 44-5-87 requires that the property be conveyed to him. That Code section provides: "If a gift is made for a specific purpose which is either expressed or is secretly understood and the purpose is illegal or from some other cause fails or cannot be accomplished, the donee shall hold the object of the gift as a trustee for the donor or his next of kin." OCGA § 44-5-87.

The court correctly ruled that as the designated gifts are to be made from the proceeds of a sale of the property, and as no sale has yet occurred, there has been no failure of the purpose to use the sale proceeds for specific charities. Assuming the September 20 letter does reveal the "specific purpose" of a "gift," as those terms are used in OCGA § 44-5-87, the letter itself shows that the only event that will effect that purpose is the sale of the property.

Powell argues that Emory has made an anticipatory repudiation of its obligations under the letter prior to sale, showing the purpose

of the gift fails. Assuming that the doctrine of anticipatory repudiation applies to a gift under OCGA § 44-5-87, the doctrine would apply only if there is an unqualified repudiation of the entire obligation prior to the time of performance. *Coffee Butler Svc. v. Sacha*, 258 Ga. 192, 193 (1) (366 SE2d 672) (1988).

Powell contends that the letter requires that the specified sums, and not less, be paid to the respective charities immediately upon sale. He also points to letters from Emory's vice president which express an interpretation of the September 20, 1990 letter to the effect that 35 percent of the sale price must be paid to the named charities only after Emory's expenses in connection with the transaction are paid.[1] This does not show a repudiation of the obligations in the letter, merely a disagreement as to its terms, and cannot be deemed an unqualified repudiation of the entire obligation. Further, the letters from Emory that Powell contends show an "absolute and final" repudiation, sent to him roughly a month before he filed suit, show a willingness to discuss the different interpretations rather than a repudiation. Even if Powell's interpretation of the terms in the September 20, 1990 letter is correct, an effort by Emory to assert that the charities are to receive 35 percent of the sale price rather than specific amounts merely shows " '[a] willingness to negotiate an offer of performance at variance with the terms of the agreement,' " which is not a repudiation. *J. M. Clayton Co. v. Martin*, 177 Ga. App. 228, 231 (2) (339 SE2d 280) (1985).

Powell also points to documents produced in discovery which he contends evidence Emory's intent to unilaterally redesignate some of the five charities to charities under Emory's control, and argues these documents show anticipatory repudiation. However, these documents show only internal discussions among staff of Emory and not any decision to attempt an alteration of the designated charities. The only evidence of a decision as to what charities will be benefited by any sale shows Emory intends the proceeds to go to the charities specified in the September 20, 1990 letter.

Thus, even if the doctrine of anticipatory repudiation is available to show the purpose of a gift has failed under OCGA § 44-5-87 prior to the time the purpose is to be effected, the evidence shows no repudiation. As the property has not sold and there is no evidence of a failure of the charitable purpose of the gift, it was not error to grant Emory summary judgment on Powell's claim under OCGA § 44-5-87.

2. The court also rejected the equitable remedy of rescission because the deeds transferring the property to Emory were devoid of any condition that had been violated. Powell argues the court's anal-

---

[1] The trial court did not rule on the correctness of either interpretation.

ysis was error because his claim was a right to the property under OCGA § 44-5-87. That Code section is inapplicable because the gift has not failed, and this argument is unavailing.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 1997.

*Culbreth & Sharony, Jackson L. Culbreth, Abraham A. Sharony,* for appellant.

*King & Spalding, Charles M. Shaffer, Jr., Letitia M. Brown, Robyn W. Iler, Glen P. Stephens,* for appellees.